1 | JACQUELINE P. MINOR, State Bar No. 102735
MARION L. MCWILLIAMS, State Bar No. 187532
2 | MICHAEL L. SMITH, State Bar No. 217751
OAKLAND UNIFIED SCHOOL DISTRICT
3 | 1025 Second Avenue, Room 406
Oakland, CA 94606
4 | Telephone: (510) 879-8535
Fax: (510) 879-1833
5 | mike.smith@ousd.k12.ca.us

6 | Attorneys for Respondent
OAKLAND UNIFIED SCHOOL DISTRICT

7

8 | UNITED STATES DISTRICT COURT FOR THE

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | EVELYN FRANCISCO,                              Case No. **CV 10 4992**

11 |              Petitioner,                       **NOTICE OF REMOVAL OF ACTION UNDER
                                                   28 U.S.C. §1441(b) (FEDERAL QUESTION)**
12 |     vs.

13 | OAKLAND UNIFIED SCHOOL DISTRICT,

14 |              Respondent.

15

16 | PLEASE TAKE NOTICE that Respondent Oakland Unified School District ("Respondent")

17 | hereby removes to this Court the state court action described below.

18 | On September 27, 2010 an action was commenced in the Superior Court of the State of

19 | California in and for the County of Alameda, entitled *Evelyn Francisco vs. Oakland Unified School*

20 | *District*, designatd Case Number RG10538648. A copy of the Petition is attached hereto as Exhibit

21 | A.

22 | The first date upon which Respondent received a copy of the file-endorsed Petition and a

23 | file-endorsed summons from said state court was October 21, 2010, via U.S. Mail. Respondent

24 | alleges that the 30 days time has not elapsed within which it is allowed to file this notice of removal

25 | of action to this Court. A copy of the summons is attached hereto as Exhibit B.

26 | There are no respondents to this action except this Respondent.

1    This is a civil action in which Petitioner seeks a writ of mandate for a stay of Respondent's

2    declination to sponsor Petitioner's H-1B Visa application. This Court has original jurisdiction under

3    28 U.S.C.A. § 1331, and this case is one which may be removed to this Court by Respondent

4    pursuant to the provisions of 28 U.S.C.A. § 1441(b) in that it arises under 20 C.F.R. §655 *et seq.*,

5    regulations promulgated by the U.S. Department of Labor which govern the H-1B visa sponsorship.

6    (*See* Verified Petition For Alternative Writ of Mandate, Prohibition, or Other Extraordinary Relief and

7    Application for Stay, p. 7:11-22, ¶ 28.) Provisions of these regulations were issued under 8

8    U.S.C.A. § 1101 (a)(15)(H)(i), which defines H-1B visas. Based on the arguments contended,

9    resolving the claim will require the Court to interpret federal immigration statutes, and regulations

10   promulgated pursuant to those statutes.

11   A copy of all process, pleadings, and orders served upon Respondent is filed with this

12   notice, and are attached collectively hereto as Exhibit C (with the Petition and Summons already

13   attached as Exhibits A and B, respectively).

14   Respondent will give written notice of the filing of this notice as required by 28 U.S.C. §

15   1446(d).

16   A copy of this notice will be filed with the clerk of the Superior Court of the State of California

17   in and for the County of Alameda as required by 28 U.S.C. § 1446(d).

18   WHEREFORE, Respondent requests that this action proceed in this Court as an action

19   properly removed to it.

20

21   Dated: November 4, 2010                    JACQUELINE P. MINOR
                                                  General Counsel
22
                                                  By:
23                                                    Michael L. Smith
                                                      Attorneys for Respondent, OAKLAND
24                                                    UNIFIED SCHOOL DISTRICT

25

26

# EXHIBIT A

ⓕⒸⓄⓅⓎ

1    DAVID WEINTRAUB, SBN 73841
     DUSTY L. COLLIER, SBN 264766
2    **BEESON, TAYER & BODINE, APC**
     1404 Franklin Street, 5th Floor
3    Oakland, CA 94612-3208
     Telephone:    (510) 625-9700
4    Facsimile:     (510) 625-8275
     Email:        DWeintraub@beesontayer.com
5               DCollier@beesontayer.com

6

   Attorneys for Petitioner
7    EVELYN FRANCISCO

ENDORSED
FILED
**ALAMEDA COUNTY**

SEP 9 7 2010

CLERK ~~OF THE SUPERIOR COURT~~
By: _____
Deputy

8

         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

              **IN AND FOR THE COUNTY OF ALAMEDA**

10

11    EVELYN FRANCISCO,

12                   Petitioner,

13             v.

14    OAKLAND UNIFIED SCHOOL DISTRICT,

15                   Respondent.

16

17

Case No. 10 **10538648**

**VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE, PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND APPLICATION FOR STAY**

Hearing Date: 9/28/10
Hearing Time: 10am
Courtroom: D31
Judge:
Complaint Filed:
Trial Date:

18

19       Petitioner EVELYN FRANCISCO (hereinafter, "Petitioner" or "Francisco"), petitions this

20 court for a Writ of Mandate pursuant to Code of Civil Procedure § 1085 directed to Respondent

21 OAKLAND UNIFIED SCHOOL DISTRICT (hereinafter, "District" or "Respondent"). In addition

22 to a writ of mandate, the Petitioner also seeks issuance of a temporary restraining order and/or

23 preliminary injunction that requires the District to sign off on Francisco's application for renewal of

24 her H-1B visa . By this verified Petition, Petitioner represents that:

///

25 ///

26 ///

27 ///

28

///

1

**VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE, PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND APPLICATION FOR STAY**
Case No.

161343.doc

1

2

**FIRST CAUSE OF ACTION**
**(Writ of Mandate)**

3      1.      Petitioner Francisco was, at all times mentioned herein, a certificated permanent

4 employee of the District and an individual residing in California. (Declaration of Evelyn Francisco in

5 Support of Petition for Writ of Mandate, hereinafter "Francisco Decl.," ¶¶ 1, 2.) Francisco has

6 standing to bring this Writ of Mandate because Francisco was an employee of the District who is

7 about to be denied a right provided to her under the Education Code by the District.

8      2.      Respondent District, now and at all times herein alleged, has been a public entity

9 organized and existing under the laws of the State of California with its principal place of business in

10 the City of Oakland, County of Alameda, State of California.

11      3.      At all material times herein, Respondent District had jurisdiction and control over the

12 employment of Petitioner Francisco, a certificated permanent employee of the District.

13      4.      Francisco is a native of the Philippines.  While still in her native land, in or around

14 September 2001, she was recruited to work for the District by Michael Helms, an employee of the

15 Human Resources Department of the District working directly under Delores Lemon Thomas, the

16 then head of the Human Resource Department. (Francisco Decl. ¶ 2.) The District hired Francisco to

17 be a Geometry and AP Statistics teacher. (Francisco Decl. ¶ 17.) The District assisted Francisco in

18 obtaining a "J-1 Temporary Exchange Visa" to ensure she moved to the United States to work for the

19 District lawfully. (Francisco Decl. ¶ 2; *see also* 8 U.S.C. § 1101(a)(15)(J)(i).)

20      5.      The District represented to Francisco that if she could pass a probationary period after

21 the first two years that she would have a guarantee of continued employment as a permanent

22 (tenured) employee of the District. (Francisco Decl. ¶ 2.)

23      6.      Upon receiving her J-1 Visa, Francisco moved from the Philippines to, California, in

24 October of 2001. (Francisco Decl. ¶ 2.)

25      7.      Francisco began working for the District on January 17, 2002. (Francisco Decl. ¶ 3.)

26 She has been employed by the District ever since and has acquired permanent status (i.e. "tenure")

27 pursuant to Education Code section 44929.21, which provides that every employee of a school

28

2

**VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE,**
**PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND**
**APPLICATION FOR STAY**
Case No.

161343.doc

1  district reemployed for three consecutive school years shall be classified as a permanent employee of

2  the district. (Francisco Decl. ¶¶ 1, 3.)

3      8.    When Francisco's J-1 Visa was due to expire, 3 years after its issuance, the District's

4  HR department encouraged her to apply for an H-1B visa. (Francisco Decl. ¶ 4.) Francisco applied

5  and successfully obtained an H-1B visa in 2004, which was valid for 3 years. (Francisco Decl. ¶¶ 4,

6  5.)

7      9.    Francisco applied for, and received, an extension of her H-1B visa in 2007 with the

8  support of the school district. (Francisco Decl. ¶ 5.) In order to acquire the extension and obtain a

9  renewal, she asked the District's HR department to sign off on that renewal application form. Delia

10  Ruiz, the then head of HR at the District, did so. (Francisco Decl. ¶ 5.)

11      10.    In 2007, Francisco applied for a "green card" with the immigration service. (Francisco

12  Decl. ¶ 6.) Delia Ruiz again signed off on her application. (Francisco Decl. ¶ 6.) That application is

13  still pending. (Francisco Decl. ¶ 7.)

14      11.    In 2010, Francisco again attempted to renew her H-1B status before it expired on

15  September 30, 2010, so that she could stay in America. (Francisco Decl. ¶ 7.) She turned again to

16  the HR Department to sign off on the application. (Francisco Decl. ¶ 7.)

17      12.    The application requires only a signature of approval from the District, as the

18  employer of the application. (Francisco Decl. ¶ 8.) It makes no representations to the immigration

19  authority that there is a need for Francisco's service or special skills. (Francisco Decl. ¶ 8.) It merely

20  approves her continued employment with the District. (Francisco Decl. ¶ 8.)

21      .13.    In April 2010, Francisco checked with the HR Department about the status of her

22  request for them to sign off on her application for the renewal of her H-1B visa and was then told by

23  Alma Morales, a representative of the HR Department of the District, that they would not be signing

24  off on the application. (Francisco Decl. ¶ 9.) This was the first time the District notified Francisco

25  that a decision had been made which would conflict with her continued employment and her ability

26  to stay in America. (Francisco Decl. ¶ 9.) Up until this time, the District honored the representations

27  and promises of continued employment upon which Francisco had relied . (Francisco Decl. ¶ 9.)

28

3

VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE,
PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND
APPLICATION FOR STAY
Case No.

161343.doc

1   Francisco had never been told that her continued employment and visa status was dependent upon her

2   particular certification (as a math teacher) or that if there were US citizens with similar certification

3   to hers the District would end her employment or threaten her visa status. (Francisco Decl. ¶ 9.)

4       14.     After hearing of the District's decision not to sign off on the renewal of her H-1B visa,

5   Francisco obtained legal counsel. (Francisco Decl. ¶ 10.) Her counsel communicated with District,

6   and Francisco heard that the District changed its position, and would sign her visa renewal

7   application. (Francisco Decl. ¶ 10.)

8       15.     On August 23, 2010, Francisco asked Alma Morales, a representative of the District's

9   HR Department, to confirm that the District would sign off on her application for renewal.

10  (Francisco Decl. ¶ 11.) She responded yes, and asked for Francisco's paperwork. (Francisco Decl. ¶

11  11.) Francisco reminded her that she had all of it. (Francisco Decl. ¶ 11.) Ms. Morales said that

12  because Delia Ruiz, who had been handling it previously, had left the district Francisco needed to

13  provide another set of paperwork with the application for the renewal. (Francisco Decl. ¶ 11.)

14      16.     After the August 23, 2010 meeting with Ms. Morales, Francisco spoke with her

15  immigration attorney, Ning Gan, and advised her of the status of the application and asked her to

16  send another application for renewal. (Francisco Decl. ¶ 12.) Ms. Gan asked for the name of a

17  contact person for the matter. (Francisco Decl. ¶ 12.) Francisco asked Ms. Morales, who agreed to

18  be that contact person. (Francisco Decl. ¶ 12.) Ms. Morales did not yet know who was authorized to

19  sign off on the application, but she clearly conveyed that the District would sign off on the

20  application for renewal of Francisco's H- 1B visa.  (Francisco Decl. ¶ 12.)

21      17.     Francisco got the application on September 8, 2010 and took it personally to Alma

22  Morales at the HR Department. (Francisco Decl. ¶ 13.)  She left it with Ms. Morales per her

23  instruction. (Francisco Decl. ¶ 13.) Ms. Morales never advised Francisco that the District was going

24  to do anything other than sign off on the application as she had previously informed her. (Francisco

25  Decl. ¶ 13.)

26      18.     On approximately September 16, 2010, Francisco returned to the HR Department to

27  ask Ms. Morales about the status of her application. (Francisco Decl. ¶ 14.)  Ms. Morales was not in

28                                                                                                          4

**VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE,**                    161343.doc
**PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND**
**APPLICATION FOR STAY**
Case No.

1   the office. (Francisco Decl. ¶ 14.) Francisco returned on the 17th and Ms. Morales said the

2   documents were not ready. (Francisco Decl. ¶ 14.) Ms. Morales advised Francisco that she did not

3   need to return until she received an email from her. (Francisco Decl. ¶ 14.) Having not received an

4   email, and with her visa set to expire in a matter of days, Francisco returned to the office on Monday

5   September 20th. (Francisco Decl. ¶ 14.) Ms. Morales informed her that the application was still not

6   ready. (Francisco Decl. ¶ 14.) She did not tell Francisco that the District would not sign off on the

7   application. (Francisco Decl. ¶ 14.)

8          19.    Francisco continued to call the office between September 20 and September 24, 2010

9   and was repeatedly told that the application was not ready. (Francisco Decl. ¶ 15.)

10         20.    On September 24th, Francisco was told the District was NOT going to sign off on her

11  application. (Francisco Decl. ¶ 15.) A woman named "Gail" from the District's HR department told

12  Francisco that the reason they were not going to sign off on the application was that they no longer

13  needed math teachers. (Francisco Decl. ¶ 15.)

14         21.    The effect of this decision is that Francisco will have to either leave the country

15  voluntarily or face deportation proceedings. (Francisco Decl. ¶ 16.) As a result, Francisco will be

16  forced to abandon her "permanent" and tenured position with the District and the classes and students

17  she is currently teaching. (Francisco Decl. ¶ 16.)

18         22.    The effect will be devastating and irreparable for both Francisco and her students in

19  their learning process. (Francisco Decl. ¶ 17.) She is currently teaching Geometry and AP Statistics

20  at Oakland Technical High School, where she has taught for the last 8 years. (Francisco Decl. ¶ 17.)

21  All the evaluations of her work for those 8 years have been positive. (Francisco Decl. ¶ 17.)

22         23.    The effect will be to deprive her, irreparably, of her due process rights prior to

23  termination of her employment.

24         24.    If the District does not take the very simple, ministerial step of signing off on her H-

25  1B Visa application, she will be required to leave the country (or else be deported) and, effectively

26  without due process, will be terminated from her employment with the District. This, in turn, could

27  destroy her teaching career, but at the very least deprives her of the benefit of her permanent status

28

                                                                                                5

1    under the Education Code.

2         25.    The Education Code provides two exclusive procedures that may be utilized by the

3    District to terminate the employment of a permanent employee such as Francisco. First, the District

4    may issue Francisco a layoff notice pursuant to Education Code §§ 44949 & 44955, which must be

5    done no later than May 15th of the current academic year. Second, the District may initiate

6    termination "for cause" proceedings by issuing a Statement of Charges and Notice of Intent to

7    Dismiss to Francisco pursuant to Education Code §§ 44932 *et seq.* Regardless of which procedure is

8    employed, the District must provide certain due process protections to the permanent employee,

9    including providing her with prior notice, a hearing before a neutral decision-maker upon request,

10   and the right to be represented by counsel at that hearing. (Education Code §§ 44949, 44955, &

11   44932 *et seq.*) In this case, the District did not follow either of these procedures, nor did it provide

12   Francisco with any of these due process protections before effectively terminating her employment

13   by failing to sponsor her Visa application.

14        26.    Implicit in the requirements of the Education Code's exclusive termination procedures

15   is a duty on the part of the District to do all that is reasonably necessary to keep the employee

16   employed unless and until those termination procedures are employed, including, where necessary,

17   the sponsoring of a foreign laborer's visa application. Any alternative to this interpretation would

18   leave school districts with a massive loophole through which to avoid the Legislature's intent, in

19   enacting the Education Code provisions described above, that permanent employees be provided with

20   certain due process protections prior to termination from employment by the District. Moreover, this

21   loophole would not be limited to teachers seeking a visa renewal. For example, school districts often

22   must file credentialing information with the California Commission on Teacher Credentialing (CTC)

23   on individual teachers to demonstrate that the teacher is competent and certificated to teach that

24   particular course. Similarly, California law requires that all school teachers be vaccinated for

25   tuberculosis, and the District's must file paperwork for individual teachers indicating that they have

26   been properly vaccinated. (*See* Education Code § 44906.)

27        27.    No specific statute or regulation requires the District to complete the certification or

28                                                                                    6

1   vaccination paperwork described above, but it is nevertheless an implicit duty found in the
2   requirement that the District keep these individuals employed until properly terminated under the
3   aforementioned Education Code provisions.  Should the District be allowed to evade these due
4   process protections by failing to perform the ministerial act of sponsoring Francisco's Visa
5   application, it is virtually assured that this District or others will attempt the same strategy with
6   regard to these other ministerial acts, such as failing to file certification and vaccination records with
7   the appropriate State agencies on behalf of the employee.  Moreover, this massive loophole threatens
8   to swallow the rule, allowing school districts across the State to evade the Education Code's
9   protections for tenured employees by simply failing to fill out paperwork which they have, in the
10  past, completed as a matter of course.

11          28.     The U.S. Department of Labor (DOL) has promulgated regulations which govern the
12  H-1B visa sponsorship program. (20 C.F.R. § 655 *et seq.*)  In particular, the District, upon first
13  sponsoring Ms. Francisco's H-1B visa, was required to complete a Labor Condition Application
14  (LCA) making certain attestations to the DOL. (*Id.*)  Among these, the District was required to attest
15  that it "affords working conditions to its H-1B nonimmigrant employees on the same basis and in
16  accordance with the same criteria as it affords to its U.S. worker employees who are similarly
17  employed." (20 C.F.R. § 655.732.)  This regulation, moreover, specifically lists seniority/tenure
18  rights as an example of the working conditions that must be provided to H-1B employees on the same
19  basis as American workers. (*Id.*)  By failing to timely complete Ms. Francisco's paperwork and
20  failing to provide her with due process prior to termination, the District is violating this attestation to
21  the DOL.  Such violations subject the responsible officials to fines up to $10,000 and imprisonment
22  up to five years. (18 U.S.C. §§ 1001, 1546.)

23

24  WHEREFORE, Petitioner prays for judgment as to the first cause of action as follows:

25      1.      For an immediate stay commanding the Respondent to execute Petitioner's application
26              for renewal of her H-1B Visa status.

27      2.      For a writ of mandate to issue requiring Respondents forthwith:

28
                                                                                                    7

1          (a)  to complete the employer's portion of Petitioner's H-1B Visa renewal application and to perform all such ministerial duties with regard to completing the paperwork

2          necessary to retain Petitioner's employment with the District;

3     3.     For an award of attorney's fees pursuant to any provision of law, including Government Code § 800 and Code Civ. Proc. §1021.5;

4

5     4.     For costs of suit incurred herein; and

6     5.     For such other relief as the Court may deem proper.

7

8

9   Dated: September 27, 2010             BEESON, TAYER & BODINE, APC

10

11                              By: _____

12                                  DAVID WEINTRAUB

13                                  DUSTY L. COLLIER
                                     Attorneys for Petitioner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                                 8

VERIFICATION

I, EVELYN FRANCISCO, am the Petitioner in this proceeding.  I have read the foregoing Verified Petition for Alternative Writ of Mandate, Prohibition, or Other Extraordinary Relief and Application for Stay and know its contents.  The facts stated therein are true and are within my personal knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed in Oakland, California, this 27th day of September, 2010.


_____
EVELYN FRANCISCO

**VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE, PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND APPLICATION FOR STAY**
Case No.

9
161343.doc

# EXHIBIT B

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OAKLAND UNIFIED SCHOOL DISTRICT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVELYN FRANCISCO

ENDORSED
FILED
ALAMEDA COUNTY

SEP 27 2010

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California, County of Alameda
1225 Fallon Street, Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG 10538648

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Weintraub, Beeson, Tayer & Bodine, 1404 Franklin Street, 5th Floor, Oakland, CA 94612-3208

Executive Officer/Clerk of the Court

DATE: SEP 27 2010
*(Fecha)*
Clerk, by Pat S. Sweeten ERICA BAKER , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Oakland Unified School District

    under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☑ other *(specify):* CCP 416.50
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT C

⒞COPY

1　DAVID WEINTRAUB, SBN 73841
　　DUSTY COLLIER, SBN 264766
2　**BEESON, TAYER & BODINE, APC**
　　1404 Franklin Street, 5th Floor
3　Oakland, CA 94612-3208
　　Telephone:
4　Facsimile:　(510) 625-8275
　　Email:　dweintraub@beesontayer.com»
5

6　Attorneys for Petitioner
　　EVELYN FRANCISCO
7

ENDORSED
FILED
ALAMEDA COUNTY

SEP 9 7 2010

CLERK OF THE SUPERIOR COURT
By _____
ERICA BAKER
Deputy

8　**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9　**IN AND FOR THE COUNTY OF ALAMEDA**

10

11　EVELYN FRANCISCO,

12　　　　　　　　　　　　　　　Petitioner,

13

14　OAKLAND UNIFIED SCHOOL DISTRICT

15

16　　　　　　　　　　　　　　　Respondent.

17

18

19

20

Case No.　10538648

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT OF MANDATE and EX PARTE APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL**

Hearing Date: 9/28/10
Hearing Time: 
Courtroom:
Judge:
Complaint Filed:
Trial Date:

21　　　　　　　　　　　　**INTRODUCTION**

22　　　　Petitioner EVELYN FRANCISCO ("Francisco" or "Petitioner"), a permanent certificated

23　public school teacher, applies for an Order staying Respondent OAKLAND UNITIFIED SCHOOL

24　DISTRICT ("District" or "Respondent") refusal to execute Petitioner's H-1B Visa renewal

25　application form. Francisco relied on the promises of the district to continue her employment and

26　grant her all the rights that other similarly situated employees enjoy if she performed satisfactorily.

27　She has done so after having uprooted herself from her country of origin, her family, and friends, and

28　established a new life for herself here based on those representations. Respondent has a duty to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTOF EX PARTE
APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL
Case No.

1

161346.doc

1    simply sign off on the necessary paperwork to retain Francisco's employment and not use the

2    immigration procedures to effectuate an unnecessary deportation and termination of Francisco's

3    employment.

4            This Court has jurisdiction over the instant Application pursuant to Code of Civil Procedure §

5    527 and California Rule of Court 359.

6                                    **FACTUAL BACKGROUND**

7            Petitioner Francisco is a native of the Philippines and was recruited by the District in or

8    around September 2001 in her native land. (Declaration of Evelyn Francisco in Support of Petition

9    for Writ of Mandate and Stay Order, hereinafter "Francisco Decl.," ¶ 2.) The District hired Francisco

10   to be a Geometry and AP Statistics teacher. (Francisco Decl. ¶ 17.) The District assisted Francisco in

11   obtaining an "H-1B Visa" to ensure she moved to the United States to work for the District lawfully.

12   (Francisco Decl. ¶ 2; see also 8 U.S.C. § 1101(a)(15)(J)(i).) At the time, the District represented to

13   Francisco that if she could pass a probationary period after the first two years that she would have a

14   guarantee of continued employment as a permanent (tenured) employee of the District. (Francisco

15   Decl. ¶ 2.)

16           Upon receiving her J-1 Visa, Francisco moved from the Philippines to California in October

17   of 2001. (Francisco Decl. ¶ 2.) Francisco began working for the District on January 17, 2010.

18   (Francisco Decl. ¶ 3.) She has been employed by the District ever since and has acquired permanent

19   status (i.e. "tenure") pursuant to Education Code section 44929.21, which provides that every

20   employee of a school district reemployed for three consecutive school years shall be classified as a

21   permanent employee of the district. (Francisco Decl. ¶¶ 1, 3.)

22           When Francisco's J-1 Visa was due to expire, 3 years after its issuance, the District's Human

23   Resources ("HR") department encouraged her to apply for an H-1B visa. (Francisco Decl. ¶ 4.)

24   Francisco applied and successfully obtained an H-1B visa in 2004, which was valid for 3 years.

25   (Francisco Decl. ¶¶ 4, 5.)

26           Francisco applied for, and received, an extension of her H-1B visa in 2007 with the support of

27   the school district. (Francisco Decl. ¶ 5.) In order to acquire the extension and obtain a renewal, she

28

                                                                                                    2

1  asked the District's HR department to sign off on that renewal application form. (Francisco Decl. ¶
2  5.) Delia Ruiz, then-head of HR at the District, did so. (Francisco Decl. ¶ 5.)

3      In 2007, Francisco applied for a "green card" with the immigration service. (Francisco Decl. ¶
4  6.) Delia Ruiz again signed off on her application. (Francisco Decl. ¶ 6.) That application is still
5  pending. (Francisco Decl. ¶ 7.)

6      In 2010, Francisco again attempted to renew her H-1B status before it expired on September
7  30, 2010, so that she could stay in America. (Francisco Decl. ¶ 7.) She turned again to the HR
8  Department to sign off on the application. (Francisco Decl. ¶ 7.) The application requires only a
9  signature of approval, and nothing more. (Francisco Decl. ¶ 8 and attached Exh. A.) It makes no
10  representations to the immigration authority that there is a need for Francisco's service or special
11  skills, nor any other representation on which the District may justify its refusal to sign the paperwork.
12  (Francisco Decl. ¶ 8 and attached Exh. A.) It merely approves her continued employment with the
13  District. (Francisco Decl. ¶ 8 and attached Exh. A.)

14      In April 2010, Francisco checked with the HR Department about the status of her request for
15  them to sign off on her application for the renewal of her H-1B visa. (Francisco Decl. ¶ 9.) At that
16  time, she was told by Alma Morales, a representative of the HR Department of the District, that they
17  would not be signing off on the application. (Francisco Decl. ¶ 9.) This was the first time the District
18  notified Francisco that a decision had been made which would conflict with her continued
19  employment and her ability to stay in America. (Francisco Decl. ¶ 9.) Up until this time, the District
20  honored the representations and promises of continued employment Francisco had relied on, as
21  demonstrated by the repeated completion of Ms. Francisco's paperwork by Ms. Ruiz in the past.
22  (Francisco Decl. ¶ 9.) Francisco had never been told that her continued employment and visa status
23  was dependent upon her particular certification (as a math teacher), nor was she ever told that that, if
24  there were U.S. citizen with similar certification to hers, the District would end her employment or
25  threaten her visa status so that it may discriminatorily hire the U.S. citizen instead. (Francisco Decl. ¶
26  9.)

27      After hearing of the District's decision not to sign off on the renewal of her H-1B visa,
28  Francisco obtained legal counsel. (Francisco Decl. ¶ 10.) Her counsel communicated with District,

3

1  and through that process Ms. Francisco learned that the District had changed its position and would

2  sign her visa renewal application after all. (Francisco Decl. ¶ 10.) On August 23, 2010, Ms.

3  Francisco asked Alma Morales, a representative of the District's HR Department, to confirm that the

4  District would sign off on her application for renewal. (Francisco Decl. ¶ 11.) Morales responded

5  "yes," and asked for Ms. Francisco's paperwork. (Francisco Decl. ¶ 11.) Ms. Francisco reminded her

6  that Morales had all of it already. (Francisco Decl. ¶ 11.) Ms. Morales said that because Delia Ruiz,

7  who had been handling it previously, had left the District, Ms. Francisco needed to provide another

8  set of paperwork with the application for the renewal. (Francisco Decl. ¶ 11.)

9  After the August 23, 2010, meeting with Morales, Ms. Francisco spoke with her immigration

10  attorney, Ning Gan, and advised her of the status of the application and asked her to send another

11  application for renewal. (Francisco Decl. ¶ 12.) Ms. Gan asked for the name of a contact person for

12  the matter. (Francisco Decl. ¶ 12.) Ms. Francisco asked Morales, who agreed to be that contact

13  person. (Francisco Decl. ¶ 12.) Ms. Morales did not yet know who was authorized to sign off on the

14  application, but she clearly conveyed that the District would sign off on the application for renewal of

15  Ms. Francisco's H- 1B visa, implying that the relevant authorities within the District had already

16  approved this course of action. (Francisco Decl. ¶ 12.)

17  Ms. Francisco received the application from her counsel on September 8, 2010 and took it

18  personally to Alma Morales at the HR Department. (Francisco Decl. ¶ 13.) Ms. Francisco left it with

19  Morales per the latter's instructions. (Francisco Decl. ¶ 13.) Importantly, Morales never advised Ms.

20  Francisco that the District was going to do anything other than sign off on the application, as she had

21  previously informed her, and thus Ms. Francisco left that day believing that her paperwork would be

22  completed in a timely fashion. (Francisco Decl. ¶ 13.)

23  On approximately September 16, 2010, Ms. Francisco returned to the HR Department to ask

24  Morales about the status of her application. (Francisco Decl. ¶ 14.) Morales was not in the office, so

25  Ms. Francisco returned on the 17th, at which time Morales said the documents were not ready.

26  (Francisco Decl. ¶ 14.) Morales further advised Ms. Francisco that there was no need to return until

27  Ms. Francisco received an email from Morales letting her know the application was ready to be

28  picked up. (Francisco Decl. ¶ 14.) Having not received such an email, and with her visa set to

4

1  expire in a matter of days, Ms. Francisco returned to the office on Monday September 20th.

2  (Francisco Decl. ¶ 14.) Morales informed her that the application was still not ready. (Francisco

3  Decl. ¶ 14.) However, Morales still did not tell Ms. Francisco that the District had no intention of

4  signing off on the application. (Francisco Decl. ¶ 14.)

5       Ms. Francisco continued to call the office between September 20 and September 24, 2010 and

6  was repeatedly told that the application was not ready. (Francisco Decl. ¶ 15.) Finally, on September

7  24th, just six days before the current visa was set to expire, Ms. Francisco was told the District was

8  NOT going to sign off on her application. (Francisco Decl. ¶ 15.) A woman named "Gail" from the

9  District's HR department told Ms. Francisco that the reason they were not going to sign off on the

10  application was that they no longer needed math teachers. (Francisco Decl. ¶ 15.) The District, of

11  course, continues to employ math teachers, and thus Gail apparently meant that the District no longer

12  needed immigrant math teachers.

13                         **ARGUMENT**

14       To obtain preliminary injunctive relief or a stay, such as that sought by the Application herein,

15  the Petitioner must demonstrate that, absent the injunction or stay, (1) Petitioner is likely to suffer

16  irreparable harm; (2) the Petitioner has a reasonable probability of success on the merits; and (3) the

17  harm to Respondent's rights that would result from granting the injunction or stay does not outweigh

18  the harm to Petitioner's rights that would occur if the injunction or stay was denied. (Code of Civ.

19  Proc. §§ 526 *et seq.*, 1094.5; Cal. Rules of Ct. 3.1113.) Here, all three elements are met and a stay

20  should be ordered by this Court.

21  **I.    ABSENT A STAY, PETITIONER WILL SUFFER IRREPARABLE HARM BY**
22         **BEING DEPORTED AND LOSING HER TENURED POSITION WITH THE**
       **DISTRICT**

23       Ms. Francisco's H1-B visa expires on September 30, 2010 if the District does not sign off on

24  her visa renewal application form. If they are allowed to refuse to execute the document, she will be

25  deported if she does not voluntarily leave the country. Obviously, that refusal by the District and Ms.

26  Francisco's consequent deportation or departure will also result in the loss of Ms. Francisco's job

27  with the District. If that occurs, the harm cannot be undone by this Court, and thus is irreparable.

28  (*Chalk v. U.S. Dist. Court Cent. Dist. of Cal.* (9th Cir. 1988) 840 F.2d 701 (teacher subject to

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL
Case No.

161346.doc

1   dismissal will suffer irreparable harm, not because of the monetary damages which are reparable, but

2   because of loss of "personal satisfaction" that comes from working with students, colleagues, and the

3   community which is not).)  Similarly, the shame, humiliation, and inconvenience of being subjected

4   to involuntary removal from the United States cannot be undone, and constitutes irreparable harm.

5   Finally, the stigma of being discriminated against on the basis of one's national origin is a harm that

6   .cannot be undone by any court and also constitutes irreparable harm.

7   **II.    PETITIONER HAS A REASONABLE PROBABILITY OF SUCCESS ON THE**
         **MERITS BECAUSE THE DISTRICT ABUSED ITS DISCRETION WHEN IT**
8        **REFUSED TO EXECUTE PETITIONER'S H-1B VISA APPLICATION**

9          A writ of mandate shall be granted in all cases where the Petitioner establishes that: (1) the

10  Respondent failed to perform a clear, present, and usually ministerial duty; (2) the Petitioner has a

11  clear, present, and beneficial right to Respondent's performance of that duty; and (3) the Petitioner

12  lacks a plain, speedy, and adequate remedy in the ordinary course of the law. (Code of Civil

13  Procedure § 1086; *Baldwin-Lima-Hamilton Corp. v. Superior Court* (1962) 208 Cal.App.2d 803;

14  *California Federation of Teachers, AFL-CIO v. Oxnard Elementary Schools* (1969) 272 Cal.App.2d

15  514.) All three elements are met here, thus entitling Francisco to prompt writ relief ordering the

16  District to sign off on her H-1B Visa application.

17  **A.    The Respondent Failed To Perform Its Clear, Present, And Usually Ministerial**
         **Duty To Complete All Paperwork Reasonable And Necessary To Maintain The**
18       **Employment Of Its Tenured Employees**

19         The Education Code provides, at section 44929.21, that any teacher retained in employment

20  after two consecutive school years of probationary service shall become a "permanent" (or "tenured")

21  employee.  Francisco has worked for the District for almost 9 consecutive academic years, and

22  therefore she has been a permanent employee of the District since her first date of paid service in the

23  2003-2004 academic year.  Francisco's status as a permanent employee entitles her to a number of

24  protections under the Education Code, designed to foster job security for tenured teachers and a

25  stable work force for our public education system.

26         All powers of school districts in California emanate from statutes, most importantly the

27  Education Code.  In particular, the Education Code provides only two methods for severing the

28  employment relationship between a District and a permanent teacher.  One is when a teacher is

                                                                                                    6

1   terminated for "cause" and the other is when economic conditions require a lay off. Notably, neither

2   of these methods permit a District to simply fail to complete routine and ministerial paperwork in

3   order to evade the requirements for the lawful severance of a tenured teacher from her employment.

4       The District may layoff a permanent employee when necessitated by budgetary concerns

5   using the procedures found in Education Code §§ 44955 and 44949. Alternatively, the District may

6   terminate the teacher for cause pursuant to Education Code §§ 44932 *et seq. (See* Educ. Code §

7   44932 itself for list of infractions deemed "cause" for termination on the first offense). In either case,

8   the District must provide the teacher with certain due process protections, including prior notice, the

9   opportunity to request a hearing before a neutral decision-maker, and the ability to be represented by

10   counsel at the hearing. (See Education Code section 44944)

11       In this case, the District decided to terminate Ms. Francisco's employment without following

12   either of these procedures, thereby avoiding the need to provide Ms. Francisco with the due process

13   required by the Education Code. Instead, the District believes that it can simply allow Ms. Francisco

14   to get deported by not signing off on her application and effectively circumvent it's duties under the

15   Education Code. Aside from being manifestly unfair, upholding this decision would clearly

16   contravene the intent of the Legislature in providing tenure and exclusive termination procedures in

17   the Education Code in the first place. Furthermore were the court to allow the district to abstain from

18   providing the needed signature, it would enable the district to illegally discriminate against

19   employees on the basis of protected characteristics, including being a non-citizen (an "alien"). As

20   such, these actions are both immoral and unlawful.

21       The District will likely contend, accurately, that no specific statutory provision, regulation, or

22   published judicial or administrative opinion specifically and expressly requires the District to sign off

23   on Ms. Francisco's Visa renewal application. However, the District neglects to consider that public

24   officials often have implied duties to be found in the penumbras of these other sources of law that are

25   equally binding on said officials. In this case, Petitioner seeks a ruling of this Court that the

26   exclusive termination provisions of the Education Code imply a duty, on the part of the District, to do

27   all that is reasonable and necessary to maintain the employment of its permanent employees,

28   including simply signing off on Ms. Francisco's application for renewal of her H-1B status.

                                                                7

1    The Education Code often implies duties, such as the one contended for here, that the District

2    must abide by lest it run afoul of these exclusive termination provisions. For example, Education

3    Code § 44906 requires that all certificated and classified personnel of the District, including Ms.

4    Francisco, undergo periodic tuberculosis testing and a record of such testing must be provided to the

5    District Superintendent. The statute also presupposes that the County Board of Education will obtain

6    a copy of this paperwork, but does not spell out that it is expected that the District Superintendent

7    will serve the paperwork on the County Board. Nevertheless, Education Code § 44906 implies a duty

8    on the part of the Superintendent to effect such service and the standard practice of California school

9    districts has been to follow this procedure. Just as with the H-1B Visa application, the District could

10   effectively terminate a teacher by simply failing to complete the tuberculosis testing paperwork or

11   refusing to accept the employee's tender of that information. In this regard, tuberculosis testing could

12   be used as a subterfuge for avoiding the due process protections of the Education Code, just as the

13   District is doing with Francisco's H-1B Visa in the instant case. In either case, the District's conduct

14   is unlawful because it is an obvious subterfuge for evading the *exclusive* termination procedures of

15   the Education Code.

16   By contrast, an interpretation of the Education Code's exclusive termination provisions that

17   allowed for the District to avoid those provisions through non-feasance with regard to other, implicit

18   duties, would clearly run contrary to the intent of the Legislature to provide job security to teachers

19   such as Ms. Francisco and would effectively nullify those exclusive termination provisions

20   altogether. Anytime a school district sought to terminate a teacher without "cause" or economic

21   justification for a layoff, it could simply fail to complete required paperwork, such as Visa

22   applications, tuberculosis testing confirmations, certain required tax filings, and I-9s verifying U.S.

23   citizenship with Immigration Control and Enforcement (ICE), among others. By failing to complete

24   this paperwork, the District would no longer be able to keep the employee legally employed, and thus

25   would have a pretext for termination that evades the "cause" and layoff provisions of the Education

26   Code. This Court should not countenance such an anomalous interpretation of those provisions.

27   Instead, this Court should hold that, as part and parcel of the exclusive termination provisions

28   of the Education Code, the District has a duty not to utilize nonfeasance as an "end-run" to avoid the

8

1  application of those provisions and subvert the will of the Legislature. This duty, in turn, translates to

2  a requirement that the District do all that is reasonable and necessary to maintain the employment of

3  permanent certificated teachers such as Francisco unless and until the exclusive termination

4  procedures have been utilized to properly sever the employment relationship.

5      In this case, that means that the District had a clear, present, and usually ministerial duty to

6  sign off on Francisco's Visa application.

7      **B.    Respondent Failed To Perform Its Clear, Present, And Usually Ministerial Duty To Treat Its Employees Equally Without Regard To National Origin**

8

9      The Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section

10  31 of the California Constitution both prohibit the Respondent from prevailing to provide equal

11  protection to all persons under the law, regardless of national origin. (U.S.C.A. Amend. 5, 14; Cal.

12  Const. Art. 1, § 31.) The California Constitution also prohibits discriminating against or giving

13  preferential treatment in favor of any person on the basis of national origin. (Cal. Const., Art. 1, §

14  31.) Under all of these provisions, any State law, regulation, or policy which draws a distinction

15  based on national origin, race, or ethnic heritage is reviewed under a "strict scrutiny" standard,

16  including the District's purported policy of only hiring immigrant teachers when and if no non-

17  immigrant teachers are available in this case. (*See, e.g., United States v. Carolene Products Co.,*

18  (1938) 304 U.S. 144; *Takahashi v. Game and Fish Commission* (1948) 334 U.S. 410; *Korematsu v.*

19  *United States* (1944) 323 U.S. 214; *Hernandez v. Texas* (1954) 347 U.S. 475, 477-80 *Raffaelli v.*

20  *Committee of Bar* Examiners (1972) 7 Cal.3d 288, 292.)

21      In this instance, the District has a declared policy of discriminating against immigrant

22  applicants in employment, choosing only to renew their visa paperwork whenever there are no

23  qualified non-immigrant applicants for hire. This policy clearly fails strict scrutiny because it is not

24  narrowly tailored to the achievement of any compelling state interest. (*See Hernandez, supra* at 477-

25  480 (to pass strict scrutiny, a public entity's law or policy that distinguishes on the basis of national

26  origin must demonstrate that the policy is justified by a "compelling state interest" and the policy

27  must be "narrowly tailored" to meet that interest); *See also Graham v. Richardson* (1973) 413 U.S.

28  528, 537 (claims of citizenship status discrimination are reviewed under strict scrutiny).)

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL
Case No.

161346.doc

1    Similarly, Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000 *et seq.*) and the

2    California Fair Employment and Housing Act ("FEHA," Cal. Gov. Code § 12900 *et seq.*) both

3    prohibit employers from discriminating in employment on the basis of race, color, religion, sex, or

4    national origin. (*Dawavendewa v. Salt River Project Agricultural Improvement and Power District*

5    (9th Cir. 1998), 154 F.3d 1117; *Pejic v. Hughes Helicopters, Inc.* (9th Cir. 1988), 840 F.2d 667.) This

6    prohibition extends to hiring, firing, compensation, and all other terms, conditions, and privileges of

7    employment. (*Id.*)

8    In this case, the District's actions violate both Title VII and the FEHA. The District routinely

9    and uniformly performs the ministerial act of completing all necessary paperwork to keep its

10    employees employed in the District, provided those employees are not immigrants here on a

11    renewable worker visa program. By contrast, the District has now adopted a policy of specifically

12    refusing to complete such paperwork for its immigrant employees, thereby discriminating against

13    them in this term and condition of employment on the basis of their national origin. Such

14    discrimination, moreover, is clearly not justified by any legitimate business considerations or bona

15    fide occupational qualifications. As such, the District's conduct is unlawful under these and other

16    civil rights laws.

17    **C.    Respondent Failed To Perform Its Clear, Present, And Usually Ministerial Duty To Honor The Promises Made To Francisco**

18

19    The District is required to honor its contracts with individual employees, including those

20    entered into on its behalf by an actual or ostensible agent, although the latter is only binding where

21    the employee reasonably relied on such ostensible agency to her detriment. (*See* Civ. Code § 2317

22    (actual authority is the authority given to the agent by law, except where the third party has actual or

23    constructive notice of restrictions); Civ. Code § 2318 (ostensible authority is that authority "that the

24    principal, either intentionally or by want of ordinary care, causes or allows a third person to believe

25    the agent to possess"); Civ. Code § 2334 (principal is bound by contracts entered into on its behalf by

26    its ostensible agent, provided the third person relied on said ostensible authority to her detriment);

27    *Robinson v. American Fish and Oyster Co.* (1911) 17 Cal.App. 212 ("Where the special character of

28    the agency is not known, and the principal has clothed the agent with the apparent powers, strangers,

10

1   in dealing with the agent, may assume that such apparent powers are possessed."); *Thompson v.*
2   *Occidental Life Ins. Co. of Cal.* (1973) 9 Cal.3d 904 ("If a principal by his acts has led others to
3   believe that he has conferred this authority upon his agent, he cannot be heard to assert, as against
4   third persons who have relied thereon in good faith, that he did not intend to confer such power.").)

5   Moreover, even where a putative agent enters into a contract without actual or ostensible
6   authority, the principal is bound by the agent's acts if the principal subsequently ratifies the
7   transaction. (Civ. Code § 2310.) Ratification occurs when either (1) the principal approves the
8   transaction in the same manner that would have been adequate to confer actual original authority to
9   enter therein; or (2) the principal accepts the benefits of the transaction with knowledge of the terms
10  therein. (*Id.*) Knowledge for ratification purposes can be actual or imputed. (*See* Civ. Code § 2332
11  ("As against a principal, both principal and agent are deemed to have notice of whatever either has
12  notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to
13  the other").)

14  In this case, the District is bound by the promises made to Francisco. The initial promise
15  made by Helms (and as provided in the Education Code 44929.21) was that Ms. Francisco would
16  have continued employment as a "permanent/tenured" teacher with the district if she successfully
17  completed her first two years of probationary service. The second set of promises/representations
18  were those of Ms. Morales when she represented in 2010 that the district would sign off on the
19  application for renewal of Petitioner's H-1B status. The District's Governing Board delegated its
20  authority to enter into contracts with teachers to the Human Resources (HR) Department and Helms
21  when it placed him in charge of recruiting teachers in the Philippines and Morales with apparent
22  authority at the HR Department. Second, the District cloaked Helms and later Morales with
23  ostensible authority to bind the District to such a contract, and Francisco reasonably relied on that
24  authority to her detriment. Finally, the District ratified the transaction by accepting its benefits with
25  notice thereof.

26          **1.    The District Delegated Its Contracting Authority to Helms, Who Used**
27                 **That Authority To Enter Into A Binding  Agreement**

28          Education Code § 44831 authorizes the governing board of the District to hire, classify,

11

1   promote and dismiss certificated employees, subject to the restrictions provided elsewhere in the

2   Code such as the notice and hearing requirements discussed above, and to enter into such contracts as

3   are necessary to fulfill these goals. (*See Kavanaugh, supra* at 917.)  The governing board can then

4   delegate "any of those powers and duties" conferred on it by the Education Code to "an officer or

5   employee of the district." (*Id.* at 924-25; Educ. Code § 35161.)  Together, this means the District

6   may delegate the authority to enter into contracts with employees to any employee or officer of the

7   District, including its Human Resources Director, Robert Helms.  (*Id.*; *Kavanaugh, supra* at 917,

8   924-25.)

9        In this case, Francisco is informed and believes that the District delegated its contracting

10  authority to Helms when it vested in him the responsibility for recruiting foreign teachers. Helms

11  then entered into such a contract when he promised Francisco that the District would retain her in

12  employment after completion of her probationary period.  Because the District delegated this

13  authority to Helms, it cannot subsequently disavow the contract entered into by its duly-authorized

14  agent. (Civ. Code § 2330 (rights and liabilities of contract entered into by agent are binding upon the

15  principal).)  Thus, the District is required by its authorized contract with Francisco to sign off on her

16  H-1B Visa renewal application.

17              2.    **The District Cloaked Helms With The Ostensible Authority To Bind The
                         District To A Contract With Petitioner**
18

19       Even if the District has not actually delegated its contracting power to Helms, the District is

20  bound by the contract Helms promised to Francisco under the doctrine of ostensible authority.  (Civ.

21  Code § 2334 ("A principal is bound, under a merely ostensible authority" to third parties relying in

22  good faith and with ordinary care in reliance thereon).)  For nearly a century, the Supreme Court has

23  held that, "where an agent is by his principal put in charge of a business in a certain locality as the

24  manager thereof, he is clothed with apparent authority to do all things that are essential to the

25  ordinary conduct of the business at that place." (*Leavens v. Pinkham & McKevitt* (1912) 164 Cal.

26  242, 248.)  Helms was cloaked with the apparent power to contract on behalf of the District.

27  ///

28  ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE
APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL
Case No.

161346.doc

### 3. The District Ratified The Putative Contract Between Helms And Francisco

A principal may not accept or retain the benefits of the unauthorized acts of its agent without also subjecting itself to the burdens. (*Vanciel v. Kumle* (1945) 26 Cal.2d 732

The District in this case silently accepted the benefits of Francisco's nine years of service to the District, service induced by reliance on the promise made by Helms, thereby ratifying that agreement.

By accepting these benefits with both imputed and actual knowledge of the promise by Helms, the District bound itself to that promise and cannot now disavow the contract.

### D. Respondent Failed To Perform Its Clear, Present, And Usually Ministerial Duty To Honor The Attestations It Made To The Department Of Labor

In order to sponsor Ms. Francisco's initial H-1B visa, the District had to first complete a Labor Condition Application (LCA) and submit it to the U.S. Department of Labor ("DOL"), as per the DOL's regulations governing the H-1B visa program. (20 C.F.R. § 655 *et seq.*) The LCA, in turn, requires the District to make certain attestations to the DOL regarding the employment of the putative H-1B visa holder. (*Id.*) Failure to abide by these attestations results in the imposition of statutory penalties and fines, and the responsible officials may even be imprisoned for up to five years. (20 C.F.R. 655.705-710; 18 U.S.C. §§ 1001, 1546.)

Among other things, the District had to attest, in the LCA, that it "affords working conditions to its H-1B nonimmigrant employees on the same basis and in accordance with the same criteria as it affords to its U.S. worker employees who are similarly employed." (20 C.F.R. § 655.732.) Moreover, this regulation specifically lists seniority rights (*i.e.* "tenure") as an example of the working conditions that must be extended the H-1B visa holders on the same basis as American workers. (*Id.*)

In this case, the District has clearly violated this attestation. By failing to timely complete Ms. Francisco's visa renewal paperwork, the District is effectively voiding Ms. Francisco's tenure/seniority rights under the Education Code and terminating her without using the exclusive termination provisions of the Education Code noted above. In this regard, the District is not providing Ms. Francisco with the same working conditions that American employees enjoy, as

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL
Case No.

161346.doc

1    American employees routinely have the paperwork necessary to remain employed completed by the

2    District and routinely are provided with due process prior to termination. .

3        E.    **The Petitioner Has And At All Times Had A Clear, Present, And Beneficial Right**
             **To Respondent's Performance Of The Aforementioned Duties**
4

5        The Education Code's exclusive termination provisions are designed to provide job security

6    to teachers who perform well for a long enough period of time that they acquire tenure under the

7    Education Code. (*See Bakersfield USD v Bakersfield Elementary School Teachers Association* (2006)

8    145 Cal.App.4[th] 1260, 1293, n. 20, quoting 56 Cal.Jur.3d (2003) Schools, § 411, p. 757 ("The

9    purpose of a statute giving tenure to teachers is to insure an efficient permanent staff of teachers

10   whose members are not dependent on caprice for their positions as long as they conduct themselves

11   properly and perform their duties efficiently and well").) As a permanent teacher, these statutes were

12   designed to protect Petitioner and all those similarly situated from arbitrary and capricious

13   termination, thereby making the teaching profession more attractive to talented individuals that can

14   make a difference in the lives and education of our youth.

15       As noted above, the District has an implied duty under these Education Code provisions to

16   do all that is reasonable and necessary to maintain Francisco's employment unless and until it utilizes

17   the exclusive termination procedures to sever that employment relationship. Because Francisco's

18   need for job security forms the basis of these tenure protections, she has a clear, present, and

19   beneficial right to Respondent's performance of those duties.

20       F.    **The Petitioner Lacks A Plain, Speedy, And Adequate Remedy in The Ordinary**
             **Course Of The Law**

21       As noted throughout this memorandum, the duties Francisco seeks to enforce in this

22   proceeding are implied duties, finding no express basis in statutes, regulations, or case law. Just as

23   the Legislature has not seen fit to spell out the many ways in which a school district might attempt to

24   subvert the Education Code's exclusive termination provisions, it similarly has not provided for any

25   remedy at law against those attempts. Moreover, even if these duties were spelled out in the

26   Education Code, there is no remedy at law for violation of the Education Code's provisions by a

27   public entity. Instead, the only relief available is declaratory and injunctive through the instant Writ

28

                                                                                    14

1    of Mandate proceedings.  Absent writ relief, Petitioner will suffer irreparable harm, as she will both

2    be deported and forced out of her tenured position with the District.

3           For all these reasons, Petitioner lacks a plain, speedy, and adequate remedy in the ordinary

4    course of the law, thus entitling her to prompt writ relief against the District's violations of these

5    various provisions of the Education Code.

6    **II.     THE HARM TO PETITIONER THAT WOULD RESULT FROM DENIAL OF THE**
     **        STAY GREATLY OUTWEIGHS RESPONDENT'S HARM SHOULD THE STAY BE**
7    **        GRANTED**

8           As noted above, the harm that Francisco will suffer if this Application is denied is great, but it

9    is also true that this harm greatly outweighs the non-existent risk of harm the District will experience

10   if the stay is granted.  As an initial matter, it should be noted that all that is sought in this Application

11   is an Order compelling the District's personnel to complete the employer portion of Francisco's Visa

12   application.  Compliance with such an order would entail absolutely no cost to the District, nor would

13   the District incur any other harm that comes close to outweighing the harm to Ms. Francisco should

14   the Application be denied.

15                                    **CONCLUSION**

16          In light of the foregoing, Petitioner respectfully requests this Court to issue an Order staying

17   the District's refusal to simply sign off on Petitioner's H-1B Visa application and compelling the

18   District to immediately execute that document.

19

20

21

22   Dated:  September 27, 2010                    BEESON, TAYER & BODINE, APC

23

24                                                By:  _____
                                                      DAVID WEINTRAUB
25                                                    DUSTY L. COLLIER
                                                      Attorneys for Petitioner
26

27

28

                                                                                          15

© COPY

1  DAVID WEINTRAUB, SBN 73841
2  DUSTY L. COLLIER, SBN 264766
   **BEESON, TAYER & BODINE, APC**
3  1404 Franklin Street, 5th Floor
   Oakland, CA 94612-3208
4  Telephone:    (510) 625-9700
   Facsimile:    (510) 625-8275
5  Email:    DWeintraub@beesontayer.com
           DCollier@beesontayer.com
6

7  Attorneys for Petitioner
   EVELYN FRANCISCO
8

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 7 2010

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
Deputy

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10              **IN AND FOR THE COUNTY OF ALAMEDA**
11

12  EVELYN FRANCISCO,                    Case No. RG10538648

13                      Petitioner,      **DECLARATION OF EVELYN FRANCISCO**
                                         **IN SUPPORT OF PETITION FOR WRIT**
14              v.                       **OF MANDATE AND STAY ORDER**

15  OAKLAND UNIFIED SCHOOL DISTRICT,
16
17                      Respondent.
18

19        I, EVELYN FRANCISCO, have personal knowledge of and, if called as a witness, would

20  competently testify to the following:

21        1.    I am a certificated permanent employee of the Respondent OAKLAND UNIFIED

22  SCHOOL DISTRICT (the "District" or "Respondent").

23        2.    I am a native of the Philippines. In or around the September 2001 I was recruited by a

24  Michael Helms who was an employee of the Human Resources Department of the District working

25  directly under Delores Lemon Thomas the then head of the Human Resource Department to move to

26  Oakland, California, to work for the District. The District helped me obtain a J 1 visa to ensure that

27  my arrival in the United States was lawful, and I moved to California in October of 2001. Mike

28  Helms represented to me that if I could pass my probationary period after the first two years I would

                                                                                            1
DECLARATION OF EVELYN FRANCISCO IN SUPPORT OF PETITION FOR WRIT OF                161347.doc
MANDATE AND STAY ORDER
Case No.

1  have a guarantee of continued employment as a permanent (tenured) employee of the District.

2      3. I began working for the District on January 17, 2002. I have been employed by the District

3  ever since and have acquired permanent status (i.e. "tenure").

4      4. When that visa was due to expire 3 years later, the district's HR department encouraged me

5  to apply for an H-1B visa status which I then did and successfully obtained in 2004.

6      5. That visa was valid for 3 years so that in 2007 I applied for an extension and it was

7  approved with the support of the school district. In order to acquire the extension and obtain a

8  renewal, I asked the District's HR department again to sign off on that renewal application form and

9  Delia Ruiz, the then head of the HR to do so and she did.

10      6. In 2007, I applied for a "green card" with the immigration service. Delia Ruiz again signed

11  off on my application.

12      7. In 2010, while my application for a green card was still pending and my H-1B visa was

13  getting close to its expiration (9/30/10) I needed to renew my H-1B status to stay and continue

14  teaching and living here and not have to leave the country. I turned again to the HR Department to

15  sign off on my application for renewal of my H-1B visa.

16      8. The application is very simple and requires virtually nothing other than a signature or

17  approval . It makes no representations to the immigration authority or anyone else that there is a need

18  for my service or special skills. It merely approves my continued employment with the District. A

19  true and correct copy of the renewal application is attached hereto as **EXHIBIT A.**

20      9. In April 2010, I checked with the HR Department about the status of my request for them

21  to sign off on my application for the renewal of my visa and was then told by Alma Morales, a

22  representative of the HR Department of the District that they would not be signing off on the

23  application. This was the very first time I had ever been notified that the district was taking any

24  action (or inaction) which would conflict with my continued employment and my life here. Up until

25  this time the representations and promises of continued employment upon which I had relied had

26  been kept. I had never been told that my continued employment and visa status was dependent upon

27  my particular certification (as a math teacher) or that if there were US citizens with similar

28  certification to mine the district would end my employment or threaten my visa status.

2

DECLARATION OF EVELYN FRANCISCO IN SUPPORT OF PETITION FOR WRIT OF
MANDATE AND STAY ORDER
Case No.

161347.doc

1    10. After I obtained counsel and there was communication between counsel and the district I

2    went to the HR Department after hearing there was an approval of my request for the signature on my

3    visa renewal application.

4    11. On this date, August 23, 2010, I spoke again to Alma Morales. I asked if it was true that

5    they were going to sign off on my application for renewal and she responded yes . She asked for my

6    paperwork and I reminded her that she had all of it. She said because Delia Ruiz had been handling it

7    previously but now had left the district I needed to provide another set of paperwork with that

8    application for the renewal and it could then be signed.

9    12. I spoke to my immigration attorney and advised her of the status and asked her to send

10    another application for renewal. Her name is Ning Gan. Ms. Gan, my immigration attorney told me

11    she would need the name of a contact person for the matter and upon asking Alma Morales, Ms

12    Morales said she would be that contact person. She did not yet know who the person would be

13    authorized to sign off but all this time she clearly conveyed that the District would sign off on the

14    application for renewal of my H- 1B visa .

15    13. I finally got the application on September 8, 2010 and took it personally to Alma Morales

16    at the HR Department. I left it there with her per her instruction. She never advised me that the

17    District was going to do anything other than sign off on my application as she had previously told me.

18    I again relied on the representation of a school district employee, Ms. Morales in this case, that they

19    would do the simple act of signing off on my H-1B visa renewal application.

20    14. Approximately September 16th and 17th, 2010 I returned to the HR Department and Ms.

21    Morales to ask about the status. She was not there the 16th and on the 17th she said the documents

22    were not yet ready. She advised me I did not need to return until I got an email from her.

23    Nevertheless because my visa was going to expire soon I returned on Monday September 20th. She

24    said it was still not ready. She never once told me they were not going to sign off on the application.

25    15. On September 24th (after a couple more calls and being told it wasn't ready yet still) I was

26    told the district was NOT going to sign off on my application. Someone from HR whose name was

27    "Gail" told me that the reason they were not going to sign off on the application was that they no

28    longer needed math teachers.

3

1      16. The effect of this sudden turn around is that I have no other choice than to leave the

2  country (or be deported) and abandon my "permanent" and tenured position .

3      17. The effect will be devastating and irreparable for both me and my students in their

4  learning process. I currently teach Geometry and AP Statistics at Oakland Technical High School,

5  where I have taught for the last 8 years. All the evaluations of my work over the years I have been

6  here have been positive.

7      18. The effect will  be to deprive me, irreparably, of the rights I have to due process prior to

8  termination of my employment .

9      19. If the District does not take the very simple, ministerial step of signing off on my H-1B

10  Visa application, I will be required to leave the country (or else deported) and, effectively without

11  due process, will be terminated from my employment with the District.  This, in turn, could destroy

12  my teaching career altogether, but at the very least deprives me of the benefit of my permanent status

13  under the Education Code.

14      I declare under penalty of perjury that the foregoing is true and correct.  Executed this

15  27th Day of Sept, 10 at Oakland, California.

16

17

18

19

20

21                                EVELYN FRANCISCO
                              Petitioner

22

23

24

25

26

27

28

                              4

# EXHIBIT A

OMB No. 1615-0105; Expires 04/30/2012

**G-28, Notice of Entry of Appearance**
**as Attorney or Accredited Representative**

Department of Homeland Security

## Part 1.  Notice of Appearance as Attorney or Accredited Representative

**A.  This appearance is in regard to immigration matters before:**

[x] USCIS - List the form number(s):  I-129 and ETA-9035        [ ] CBP - List the specific matter in which appearance is entered:

[ ] ICE - List the specific matter in which appearance is entered:

**B.  I hereby enter my appearance as attorney or accredited representative at the request of:**

List Petitioner, Applicant, or Respondent. NOTE: Provide the mailing address of Petitioner, Applicant, or Respondent being represented, and not the address of the attorney or accredited representative, except when filed under VAWA.

| Principal Petitioner, Applicant, or Respondent | | | A Number or Receipt Number, if any | [x] Petitioner |
|---|---|---|---|---|
| Name:  Last              First              Middle | | | | [ ] Applicant |
| Oakland Unified School District | | | | [ ] Respondent |

| Address:  Street Number and Street Name | Apt. No. | City | State | Zip Code |
|---|---|---|---|---|
| 1025 Second Ave.,Room 200 | | Oakland | CA | 94606 |

Pursuant to the Privacy Act of 1974 and DHS policy, I hereby consent to the disclosure to the named Attorney or Accredited Representative of any record pertaining to me that appears in any system of records of USCIS, USCBP, or USICE.

Signature of Petitioner, Applicant, or Respondent        Dasha LeBrie                                Date

Credentials Supervisor

## Part 2.  Information about Attorney or Accredited Representative  *(Check applicable items(s) below)*

**A.** [x]  I am an attorney and a member in good standing of the bar of the highest court(s) of the following State(s), possession(s), territory(ies), commonwealth(s), or the District of Columbia: California

I am not [x] or [ ] am subject to any order of any court or administrative agency disbarring, suspending, enjoining, restraining, or otherwise restricting me in the practice of law (If you are subject to any order(s), explain fully on reverse side).

**B.** [ ]  I am an accredited representative of the following qualified non-profit religious, charitable, social service, or similar organization established in the United States, so recognized by the Department of Justice, Board of Immigration Appeals pursuant to 8 CFR 1292.2. Provide name of organization and expiration date of accreditation:

**C.** [ ]  I am associated with

The attorney or accredited representative of record previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative is at his or her request *(If you check this item, also complete item A or B above in Part 2, whichever is appropriate).*

## Part 3.  Name and Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before the Department of Homeland Security.  I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

| Name of Attorney or Accredited Representative | Attorney Bar Number(s), if any |
|---|---|
| Ning Gan<br>Law Office of Ning Gan | CA 209709 |
| Signature of Attorney or Accredited Representative | Date |

Complete Address of Attorney or Organization of Accredited Representative (Street Number and Street Name, Suite No., City, State, Zip Code)
LAW OFFICE OF NING GAN 1625 The Alameda, Suite 800 San Jose CA 95126

| Phone Number (Include area code) | Fax Number, if any (Include area code) | E-Mail Address, if any |
|---|---|---|
| 408-279-6699 | 408-491-9760 | immigration@ganning.com |

Form G-28 (Rev. 04/22/09)N

OMB No. 1615-0009; Expires 07/31/2010

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# I-129, Petition for a
# Nonimmigrant Worker

| START HERE - Type or print in black ink. | For USCIS Use Only | |
|---|---|---|

**Part 1. Information about the employer filing this petition** *(If the employer is an individual, complete Number 1. Organizations should complete Number 2.)*

| | | For USCIS Use Only | |
|---|---|---|---|
| | | **Returned** | **Receipt** |
| **1. Family Name** *(Last Name)* / **Given Name** *(First Name)* | | Date | |
| | | Date | |
| **Full Middle Name** / **Telephone No. w/Area Code** | | Resubmitted | |
| | | Date | |
| **2. Company or Organization Name** / **Telephone No. w/Area Code** | | Date | |
| Oakland Unified School District / 510 879-8151 | | **Reloc Sent** | |
| **Mailing Address:** *(Street Number and Name)* / **Suite #** | | Date | |
| 1025 Second Ave., Room 200 | | Date | |
| **C/O:** *(In Care Of)* | | **Reloc Rec'd** | |
| Dasha LaBrie, Credentials Supervisor | | Date | |
| **City** / **State/Province** | | Date | |
| Oakland / CA | | ☐ **Petitioner** | |
| **Country** / **Zip/Postal Code   E-Mail Address** *(If Any)* | | **Interviewed** on _____ | |
| USA / 94606 | | ☐ **Beneficiary** | |
| **Federal Employer Identification #** / **U.S. Social Security #** / **Individual Tax #** | | **Interviewed** on _____ | |
| 946000385 | | | |

**Part 2. Information about this petition** *(See instructions for fee information.)*

1. Requested Nonimmigrant Classification. *(Write classification symbol):* [H1B]

2. **Basis for Classification** *(Check one):*
   a. ☐ New employment (including new employer filing H-1B extension).
   b. ☒ Continuation of previously approved employment without change with the same employer.
   c. ☐ Change in previously approved employment.
   d. ☐ New concurrent employment.
   e. ☐ Change of employer.
   f. ☐ Amended petition.

3. If you checked Box 2b, 2c, 2d, 2e, or 2f, give the petition receipt number.

   WAC0721150258

4. **Prior Petition.** If the beneficiary is in the U.S. as a nonimmigrant and is applying to change and/or extend his or her status, give the prior petition or application receipt #:

   WAC0721150258

5. **Requested Action** *(Check one):*
   a. ☐ Notify the office in Part 4 so the person(s) can obtain a visa or be admitted. (NOTE: *a petition is not required for an E-1 or E-2 visa*).
   b. ☐ Change the person(s)' status and extend their stay since the person(s) are all now in the U.S. in another status *(see instructions for limitations)*. This is available only where you check "New Employment" in Item 2, above.
   c. ☒ Extend the stay of the person(s) since they now hold this status.

**For USCIS Use Only (right column):**

Class: _____
# of Workers: _____
Priority Number: _____
Validity Dates:
From: _____
To: _____

☐ **Classification Approved**
  ☐ Consulate/POE/PFI Notified
  At _____
  ☐ Extension Granted
  ☐ COS/Extension Granted

**Partial Approval** *(explain)*

**Action Block**

**To Be Completed by**
*Attorney or Representative, if any.*
☒ Fill in box if G-28 is attached to represent the applicant.
ATTY State License # _____



Form I-129 (Rev. 12/04/09)Y

**Part 2. Information about this petition** *(See instructions for fee information.) (Continued)*

   **d.** ☐ Amend the stay of the person(s) since they now hold this status.

   **e.** ☐ Extend the status of a nonimmigrant classification based on a Free Trade Agreement. *(See Free Trade Supplement for TN and H1B1 to Form I-129).*

   **f.** ☐ Change status to a nonimmigrant classification based on a Free Trade Agreement. *(See Free Trade Supplement for TN and H1B1 to Form I-129).*

**6.** Total number of workers In petition *(See Instructions relating to when more than one worker can be included):*

| ONE |

**Part 3. Information about the person(s) you are filing for** *Complete the blocks below. Use the continuation sheet to name each person Included in this petition.*

**1.** If an Entertainment Group, Give the Group Name

|  |

| Family Name *(Last Name)* | Given Name *(First Name)* | Full Middle Name |
|---|---|---|
| FRANCISCO | Evelyn | Fernandez |

All Other Names Used *(Include maiden name and names from all previous marriages)*

| None |

| Date of Birth *(mm/dd/yyyy)* | U.S. Social Security Number *(if any)* | A number *(if any)* |
|---|---|---|
| 10/21/1965 | 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 | 089 675 041 |

| Country of Birth | Province of Birth | Country of Citizenship |
|---|---|---|
| Philippines |  | Philippines |

**2.** If in the United States, Complete the Following:

| Date of Last Arrival *(mm/dd/yyyy)* | I-94 Number *(Arrival/Departure Document)* | Current Nonimmigrant Status |
|---|---|---|
| 04/08/2010 | 11837990120 | H1B |

| Date Status Expires *(mm/dd/yyyy)* | Passport Number | Date Passport Issued *(mm/dd/yyyy)* | Date Passport Expires *(mm/dd/yyyy)* |
|---|---|---|---|
| 09/30/2010 | XX5049497 | 11/25/2009 | 11/25/2014 |

Current U.S. Address

| 2015 1/2 Carleton St., Berkeley, CA 94704 |

**Part 4. Processing Information**

**1.** If the person named in **Part 3** is outside the United States or a requested extension of stay or change of status cannot be granted, give the U.S. consulate or inspection facility you want notified if this petition is approved.

Type of Office *(Check one):*   ☒ Consulate   ☐ Pre-flight inspection   ☐ Port of Entry

| Office Address *(City)* | U.S. State or Foreign Country |
|---|---|
| Manila | Philippines |

Person's Foreign Address

| B15, L7 Senatorial Road, Violago Homes BAtasan, Quezon City, Philippines |

Form I-129 (Rev. 12/04/09)Y Page 2

**Part 4. Processing Information** *(Continued)*

2. Does each person in this petition have a valid passport?

   ☐ Not required to have passport   ☐ No - explain on separate paper   ☒ Yes

3. Are you filing any other petitions with this one?   ☒ No   ☐ Yes - How many? [　　　]

4. Are applications for replacement/initial I-94s being filed with this petition?   ☒ No   ☐ Yes - How many? [　　　]

5. Are applications by dependents being filed with this petition?   ☒ No   ☐ Yes - How many? [　　　]

6. Is any person in this petition in removal proceedings?   ☒ No   ☐ Yes - explain on separate paper

7. Have you ever filed an immigrant petition for any person in this petition?   ☐ No   ☒ Yes - explain on separate paper

8. If you indicated you were filing a new petition in Part 2, within the past seven years has any person in this petition:

   a. Ever been given the classification you are now requesting?   ☐ No   ☒ Yes - explain on separate paper

   b. Ever been denied the classification you are now requesting?   ☒ No   ☐ Yes - explain on separate paper

9. Have you ever previously filed a petition for this person?   ☐ No   ☒ Yes - explain on separate paper

10. If you are filing for an entertainment group, has any person in this petition not been with the group for at least one year?   ☐ No   ☐ Yes - explain on separate paper

**Part 5. Basic information about the proposed employment and employer** *(Attach the supplement relating to the classification you are requesting.)*

1. Job Title

   [Teacher]

2. Nontechnical Job Description

   [See the support letter]

3. LCA Case Number

   [I-200-10242-048323]

4. NAICS Code

   [611110]

5. Address where the person(s) will work if different from address in Part 1. *(Street number and name, city/town, state, zip code)*

   [Same as in Part 1]

6. Is this a full-time position?

   ☐ No - Hours per week: [　　　]      ☒ Yes - Wages per week or per year: [$63,381/Year]

7. Other Compensation *(Explain)*

   [Standard Benefits]

8. Dates of intended employment *(mm/dd/yyyy)*:

   From: [09/30/2010]   To: [09/29/2013]

Form I-129 (Rev. 12/04/09)Y Page 3

## Part 5.  Basic Information about the proposed employment and employer  (*Attach the supplement relating to the classification you are requesting.*)  (Continued)

**9.**  Type of Petitioner - *Check one:*

☐ U.S. citizen or permanent resident    ☒ Organization    ☐ Other - explain on separate paper

**10.** Type of Business

| Public School |

**11.** Year Established

| 1951 |

**12.** Current Number of Employees

| 5300 |

**13.** Gross Annual Income

| $440,359,516 |

**14.** Net Annual Income

| |

## Part 6.   Signature  *Read the information on penalties in the instructions before completing this section.*

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct. If filing this on behalf of an organization, I certify that I am empowered to do so by that organization.  If this petition is to extend a prior petition, I certify that the proposed employment is under the same terms and conditions as stated in the prior approved petition. I authorize the release of any information from my records, or from the petitioning organization's records that U.S. Citizenship and Immigration Services needs to determine eligibility for the benefit being sought.

**Signature**

| |

**Daytime Phone Number** *(Area/Country Code)*

| |

**Print Name**

| Dasha LaBrie, Credentials Supervisor |

**Date** *(mm/dd/yyyy)*

| |

NOTE:  If you do not completely fill out this form and the required supplement, or fail to submit required documents listed in the instructions, the person(s) filed for may not be found eligible for the requested benefit and this petition may be denied.

## Part 7.   Signature of person preparing form, if other than above

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have any knowledge.

**Signature**

| |

**Daytime Phone Number** *(Area/Country Code)*

| 408-279-6699 |

**Print Name**

| Ning Gan |

**Date** *(mm/dd/yyyy)*

| |

**Firm Name and Address**

| LAW OFFICE OF NING GAN
1625 The Alameda, Suite 800
San Jose CA 95126 USA |

OMB No.1615-0009; Expires 07/31/2010

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# H Classification Supplement
## to Form I-129

| | |
|---|---|
| 1. Name of person or organization filing petition: | 2. Name of person or total number of workers or trainees you are filing for: |
| Oakland Unified School District | Evelyn Fernandez FRANCISCO |

3. List each alien's prior periods of stay in H or L classification in the United States for the last six years (aliens requesting H-2A or H-2B classification need only list the last three years). Be sure to only list those periods in which each alien was actually in the United States in an H or L classification. Do not include periods in which the alien was in a dependent status, for example, H-4 or L-2 status.

   **NOTE:** Submit photocopies of Forms I-94, I-797, and/or other USCIS issued documents noting these periods of stay in the H or L classification. If more space is needed, attach an additional sheet.

| Subject's Name | Period of Stay (mm/dd/yyyy) | |
|---|---|---|
| | From | To |
| Evelyn Frmandez Francisco | 10/01/2004 | Present |
| | | |
| | | |
| | | |
| | | |
| | | |

4. Classification sought (Check one):

   ☒ H-1B1 Specialty occupation
   ☐ H-1B2 Exceptional services relating to a cooperative research and development project administered by the U. S. Department of Defense (DOD)
   ☐ H-1B1 Specialty occupation
   ☐ H-1B2 Exceptional services relating to a cooperative

   ☐ H-1B3 Fashion model of national or international acclaim
   ☐ H-2A Agricultural worker
   ☐ H-2B Non-agricultural worker
   ☐ H-3 Trainee
   ☐ H-3 Special education exchange visitor program

5. Are you filing this petition on behalf of an alien subject to the Guam-CNMI cap exemption under Public Law 110-229?

   ☐ Yes   ☒ No

## Section 1. Complete this section if filing for H-1B classification

1. Describe the proposed duties

   See the support letter

2. Alien's present occupation and summary of prior work experience

   See the support letter

## Section 1. Complete this section if filing for H-1B classification *(Continued)*

*Statement for H-1B specialty occupations only:*

By filing this petition, I agree to the terms of the labor condition application for the duration of the alien's authorized period of stay for H-1B employment.

| Petitioner's Signature | Print or Type Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| | Dasha LaBrie, Credentials Supervisor | |

*Statement for H-1B specialty occupations and U.S. Department of Defense projects:*

As an authorized official of the employer, I certify that the employer will be liable for the reasonable costs of return transportation of the alien abroad if the alien is dismissed from employment by the employer before the end of the period of authorized stay.

| Signature of Authorized Official of Employer | Print or Type Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| | Dasha LaBrie, Credentials Supervisor | |

*Statement for H-1B U.S. Department of Defense projects only:*

I certify that the alien will be working on a cooperative research and development project or a co-production project under a reciprocal government-to-government agreement administered by the U.S. Department of Defense.

| DOD Project Manager's Signature | Print or Type Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| | | |

## Section 2. Complete this section if filing for H-2A or H-2B classification

1. Employment is: *(Check one)*                                    2. Temporary need is: *(Check one)*

   a. ☐ Seasonal        c. ☐ Intermittent              a. ☐ Unpredictable      c. ☐ Recurrent annually

   b. ☐ Peak Load       d. ☐ One-time occurence        b. ☐ Periodic

3. Explain your temporary need for the alien's services *(attach a separate sheet if additional space is needed.)*

| |
|---|
| |

OMB No.1615-0009; Expires 07/31/2010

Department of Homeland Security
U.S. Citizenship and Immigration Services

# H-1B Data Collection and
# Filing Fee Exemption Supplement

| Petitioner's Full Name | Oakland Unified School District |
|---|---|

## Part A.   General Information

**1. Employer Information -** *(check all items that apply)*

|   |   |   |   |
|---|---|---|---|
| a. | Is the petitioner a dependent employer? | ☒ No | ☐ Yes |
| b. | Has the petitioner ever been found to be a willful violator? | ☒ No | ☐ Yes |
| c. | Is the beneficiary an exempt H-1B nonimmigrant? | ☐ No | ☒ Yes |
|   | 1. If yes, is it because the beneficiary's annual rate of pay is equal to at least $60,000? | ☐ No | ☒ Yes |
|   | 2. Or is it because the beneficiary has a master's or higher degree in a speciality related to the employment? | ☒ No | ☐ Yes |
| d. | Has the petitioner received TARP funding? | ☒ No | ☐ Yes |

**2. Beneficiary's Last Name** | **First Name** | **Middle Name**

| FRANCISCO | Evelyn | Fernandez |
|---|---|---|

| Attention To or In Care Of | Current Residential Address - Street Number and Name | Apt. # |
|---|---|---|
|   | 2015 1/2 Carleton St. |   |

| City | State | Zip/Postal Code |
|---|---|---|
| Berkeley | CA | 94704 |

| U.S. Social Security # (*If Any*) | I-94 # (*Arrival/Departure Document*) | Previous Receipt # (*If Any*) |
|---|---|---|
| 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 | 11837990120 | WAC0721150258 |

**3. Beneficiary's Highest Level of Education**  (Check one box below)

| | |
|---|---|
| ☐ NO DIPLOMA | ☐ Associate's degree *(for example: AA, AS)* |
| ☐ HIGH SCHOOL GRADUATE – high school DIPLOMA or the equivalent (example: GED) | ☒ Bachelor's degree *(for example: BA, AB, BS)* |
| ☐ Some college credit, but less than one year | ☐ Master's degree *(for example: MA, MS, MEng, MEd, MSW, MBA)* |
| ☐ One or more years of college, no degree | ☐ Professional degree *(for example: MD, DDS, DVM, LLB, JD)* |
|   | ☐ Doctorate degree *(for example: PhD, EdD)* |

**4. Major/Primary Field of Study**

| M | a | t | h | e | m | a | t | i | c | s |   |   |   |   |   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**5.** Has the beneficiary of this petition earned a master's or higher degree from a U.S. institution of higher education as defined in 20 U.S.C. section 1001(a)?

☒ No   ☐ Yes (If "Yes" provide the following information):

Name of the U.S. institution of higher education

|   |
|---|

| Date Degree Awarded | Type of U.S. Degree |
|---|---|
|   |   |

Address of the U.S. institution of higher education

|   |
|---|

| **6.** Rate of Pay Per Year | **7.** LCA Code | **8.** NAICS Code |
|---|---|---|
| $63,381.00 | 0 9 1 | 6 1 1 1 1 0 |

**Part B.   Fee Exemption and/or Determination**

In order for USCIS to determine if you must pay the additional $1,500 or $750 fee, answer all of the following questions:

1.  ☐ Yes  ☒ No   Are you an institution of higher education as defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. section 1001(a)?

2.  ☐ Yes  ☒ No   Are you a nonprofit organization or entity related to or affiliated with an institution of higher education, as such institutions of higher education are defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. section 1001(a)?

3.  ☐ Yes  ☒ No   Are you a nonprofit research organization or a governmental research organization, as defined in 8 CFR 214.2(h)(19)(iii)(C)?

4.  ☒ Yes  ☐ No   Is this the second or subsequent request for an extension of stay that you have filed for this alien?

5.  ☐ Yes  ☒ No   Is this an amended petition that does not contain any request for extensions of stay?

6.  ☐ Yes  ☒ No   Are you filing this petition in order to correct a USCIS error?

7.  ☒ Yes  ☐ No   Is the petitioner a primary or secondary education institution?

8.  ☐ Yes  ☒ No   Is the petitioner a non-profit entity that engages in an established curriculum-related clinical training of students registered at such an institution?

If you answered "Yes" to any of the questions above, then you are required to submit the fee for your H-1B Form I-129 petition, which is $320. If you answered "No" to all questions, please answer **Question 9.**

9.  ☐ Yes  ☐ No   Do you currently employ a total of no more than 25 full-time equivalent employees in the United States, including any affiliate or subsidiary of your company?

If you answered "Yes" to Question 9 above, then you are required to pay an additional fee of $750. If you answered "No", then you are required to pay an additional fee of $1,500.

**NOTE:** On or after March 8, 2005, a U.S. employer seeking initial approval of H-1B or L nonimmigrant status for a beneficiary, or seeking approval to employ an H-1B or L nonimmigrant currently working for another U.S. employer, must submit an additional $500 fee. This additional $500 Fraud Prevention and Detection fee was mandated by the provisions of the H-1B Visa Reform Act of 2004. **There is no exemption from this fee.**

**Part C.   Numerical Limitation Exemption Information**

1.  ☐ Yes  ☒ No   Are you an institution of higher education as defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. section 1001(a)?

2.  ☐ Yes  ☒ No   Are you a nonprofit organization or entity related to or affiliated with an institution of higher education, as such institutions of higher education as defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. section 1001(a)?

3.  ☐ Yes  ☒ No   Are you a nonprofit research organization or a governmental research organization, as defined in 8 CFR 214.2(h)(19)(iii)(C)?

4.  ☐ Yes  ☒ No   Is the beneficiary of this petition a J-1 nonimmigrant alien who received a waiver of the two-year foreign residency requirement described in section 214 (l)(1)(B) or (C) of the Act?

5.  ☒ Yes  ☐ No   Has the beneficiary of this petition been previously granted status as an H-1B nonimmigrant in the past 6 years and not left the United States for more than one year after attaining such status?

6.  ☐ Yes  ☒ No   If the petition is to request a change of employer, did the beneficiary previously work as an H-1B for an institution of higher education, an entity related to or affiliated with an institution of higher education, or a nonprofit research organization or governmental research institution defined in questions 1, 2 and 3 of Part C of this form?

**Part C.   Numerical Limitation Exemption Information      *(Continued)***

7.   ☐ Yes   ☒ No   Has the beneficiary of this petition earned a master's or higher degree from a U.S. institution of higher education, as defined in the Higher Education Act of 1965, section 101(a), 20 U.S.C. section 1001(a)?

8.   ☐ Yes   ☒ No   Is the beneficiary of this petition an alien subject to the Guam-CNMI cap exemption under Public Law 110-229?

9.   ☐ Yes   ☒ No   If the petition is to request a change of employer, was the beneficiary of this petition an alien who previously worked as an H-1B while subject to the Guam-CNMI cap exemption under Public Law 110-229?

I certify under penalty of perjury, under the laws of the United States of America, that this attachment and the evidence submitted with it is true and correct. If filing this on behalf of an organization or entity, I certify that I am empowered to do so by that organization or entity. I authorize the release of any information from my records, or from the petitioning organization or entity's records, that U.S. Citizenship and Immigration Services may need to determine eligibility for the exemption being sought.

**Certification**

**Signature**

**Date** *(mm/dd/yyyy)*

**Print Name**

Dasha LaBrie

**Title**

Credentials Supervisor

OMB Approval: 1205-0310
Expiration Date: 01/31/2012

**Labor Condition Application for Nonimmigrant Workers**
**ETA Form 9035 & 9035E**
**U.S. Department of Labor**



## Electronic Filing of Labor Condition Applications
## For The H-1B Nonimmigrant Visa Program

This Department of Labor, Employment and Training Administration (ETA), electronic filing system enables an employer to file a Labor Condition Application (LCA) and obtain certification of the LCA. This Form must be submitted by the employer or by someone authorized to act on behalf of the employer.

A) I understand and agree that, upon my receipt of ETA's certification of the LCA by electronic response to my submission, I must take the following actions at the specified times and circumstances:
- print and sign a hardcopy of the electronically filed and certified LCA;
- maintain a signed hardcopy of this LCA in my public access files;
- submit a signed hardcopy of the LCA to the United States Citizenship and Immigration Services (USCIS) in support of the I-129, on the date of submission of the I-129;
- provide a signed hardcopy of this LCA to each H-1B nonimmigrant who is employed pursuant to the LCA.

☑ Yes ☐ No

B) I understand and agree that, by filing the LCA electronically, I attest that all of the statements in the LCA are true and accurate and that I am undertaking all the obligations that are set out in the LCA (Form ETA 9035E) and the accompanying instructions (Form ETA 9035CP).

☑ Yes ☐ No

C) I hereby choose one of the following options, with regard to the accompanying instructions:

☐ I choose to have the Form ETA 9035CP electronically attached to the certified LCA, and to be bound by the LCA obligations as explained in this form

☑ I choose not to have the Form ETA 9035CP electronically attached to the certified LCA, but I have read the instructions and I understand that I am bound by the LCA obligations as explained in this form

| ETA Form 9035/9035E Attestation | FOR DEPARTMENT OF LABOR USE ONLY | | | | | | Page 1 of 1 |
|---|---|---|---|---|---|---|---|
| Case Number: | I-200-10242-048323 | Case Status: | CERTIFIED | Period of Employment: | 09/30/2010 | to | 09/29/2013 |

OMB Approval: 1205-0310
Expiration Date: 01/31/2012

Labor Condition Application for Nonimmigrant Workers
ETA Form 9035 & 9035E
U.S. Department of Labor



*Please read and review the filing instructions carefully before completing the ETA Form 9035 or 9035E. A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations at 20 CFR 655.730(b), incomplete or obviously inaccurate Labor Condition Applications (LCAs) will not be certified by the Department of Labor. If the employer has received permission from the Administrator of the Office of Foreign Labor Certification to submit this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

### A. Employment-Based Nonimmigrant Visa Information

| 1. Indicate the type of visa classification supported by this application (Write classification symbol): * | H-1B |
|---|---|

### B. Temporary Need Information

| 1. Job Title * TEACHER |

| 2. SOC (ONET/OES) code * 25-2031.00 | 3. SOC (ONET/OES) occupation title * SECONDARY SCHOOL TEACHERS, EXCEPT SPECIAL AND |
|---|---|

| 4. Is this a full-time position? * ☑ Yes ☐ No | Period of Intended Employment | |
|---|---|---|
| | 5. Begin Date * (mm/dd/yyyy) 09/30/2010 | 6. End Date * (mm/dd/yyyy) 09/29/2013 |

7. Worker positions needed/basis for the visa classification supported by this application

| 1 | Total Worker Positions Being Requested for Certification * |

Basis for the visa classification supported by this application
*(Indicate the total workers in each applicable category based on the total workers identified above)*

| 0 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 1 | b. Continuation of previously approved employment * without change with the same employer | 0 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

### C. Employer Information

| 1. Legal business name * OAKLAND UNIFIED SCHOOL DISTRICT |
|---|
| 2. Trade name/Doing Business As (DBA), if applicable N/A |
| 3. Address 1 * 1025 SECOND AVE., ROOM 200 |
| 4. Address 2 N/A |

| 5. City * OAKLAND | 6. State * CA | 7. Postal code * 94606 |
|---|---|---|
| 8. Country * UNITED STATES OF AMERICA | 9. Province N/A | |
| 10. Telephone number * 5108798151 | 11. Extension N/A | |
| 12. Federal Employer Identification Number (FEIN from IRS) * 946000385 | 13. NAICS code (must be at least 4-digits) * 611110 | |

---

OMB Approval: 1205-0310
Expiration Date: 01/31/2012

### Labor Condition Application for Nonimmigrant Workers
### ETA Form 9035 & 9035E
### U.S. Department of Labor



## D. Employer Point of Contact Information

**Important Note:** The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section **must be different** from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer.

| 1. Contact's last (family) name * | 2. First (given) name * | 3. Middle name(s) * |
|---|---|---|
| MORALES | ALMA | N/A |

| 4. Contact's job title * | CREDENTIALS SERVICE TEAM ASSISTANT |
|---|---|

| 5. Address 1 * | 1025 SECOND AVE., ROOM 200 |
|---|---|

| 6. Address 2 | N/A |
|---|---|

| 7. City * OAKLAND | 8. State * CA | 9. Postal code * 94606 |
|---|---|---|

| 10. Country * UNITED STATES OF AMERICA | 11. Province N/A | |
|---|---|---|

| 12. Telephone number * 5108798503 | 13. Extension N/A | 14. E-Mail address ALMA.MORALES@OUSD.K12.CA.US |
|---|---|---|

## E. Attorney or Agent Information (if applicable)

| 1. Is the employer represented by an attorney or agent in the filing of this application? * If "Yes", complete the remainder of Section E below. | ☑ Yes | ☐ No |
|---|---|---|

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | 4. Middle name(s) § |
|---|---|---|
| GAN | NING | N/A |

| 5. Address 1 § | 1625 THE ALAMEDA, SUITE 800 |
|---|---|

| 6. Address 2 | N/A |
|---|---|

| 7. City § SAN JOSE | 8. State § CA | 9. Postal code § 95126 |
|---|---|---|

| 10. Country § UNITED STATES OF AMERICA | 11. Province N/A | |
|---|---|---|

| 12. Telephone number § 4082796699 | 13. Extension N/A | 14. E-Mail address INFO@GANNING.COM |
|---|---|---|

| 15. Law firm/Business name § LAW OFFICE OF NING GAN | 16. Law firm/Business FEIN § 770561100 |
|---|---|

| 17. State Bar number (only if attorney) § 209709 | 18. State of highest court where attorney is in good standing (only if attorney) § CALIFORNIA |
|---|---|

| 19. Name of the highest court where attorney is in good standing (only if attorney) § SUPREME COURT |
|---|



OMB Approval: 1205-0310
Expiration Date: 01/31/2012

**Labor Condition Application for Nonimmigrant Workers**
**ETA Form 9035 & 9035E**
**U.S. Department of Labor**

### F. Rate of Pay

| 1. Wage Rate (Required) | | 2. Per: (Choose only one) * | | | | |
|---|---|---|---|---|---|---|
| From: $ | 63381.00  * | | | | | |
| To: $ | N/A | ☐ Hour   ☐ Week   ☐ Bi-Weekly   ☐ Month   ☑ Year | | | | |

### G. Employment and Prevailing Wage Information

*Important Note:* It is important for the employer to define the place of intended employment with as much geographic specificity as possible. The place of employment address listed below <u>must be a physical location and cannot be a P.O. Box</u>. The employer may use this section to identify up to three (3) physical locations and corresponding prevailing wages covering each location where work will be performed and the electronic system will accept up to 3 physical locations and prevailing wage information. If the employer has received approval from the Department of Labor to submit this form non-electronically and the work is expected to be performed in more than one location, an attachment must be submitted in order to complete this section.

#### a. Place of Employment 1

| 1. Address 1 *  1025 SECOND AVE., ROOM 200 | |
|---|---|
| 2. Address 2  N/A | |
| 3. City *  OAKLAND | 4. County *  OAKLAND |
| 5. State/District/Territory *  CALIFORNIA | 6. Postal code *  94606 |

| *Prevailing Wage Information (corresponding to the place of employment location listed above)* | |
|---|---|
| 7. Agency which issued prevailing wage §  N/A | 7a. Prevailing wage tracking number (if applicable) §  N/A |
| 8. Wage level *  ☐ I   ☐ II   ☐ III   ☐ IV   ☑ N/A | |
| 9. Prevailing wage *  $  63381.00 | 10. Per: (Choose only one) *  ☐ Hour   ☐ Week   ☐ Bi-Weekly   ☐ Month   ☑ Year |
| 11. Prevailing wage source (Choose only one) *  ☐ OES   ☑ CBA   ☐ DBA   ☐ SCA   ☐ Other | |
| 11a. Year source published *  2010 | 11b. If "OES", <u>and</u> SWA/NPC did not issue prevailing wage OR "Other" in question 11, specify source §  N/A |

### H. Employer Labor Condition Statements

*/ Important Note:* In order for your application to be processed, you <u>MUST</u> read Section H of the Labor Condition Application – General Instructions Form ETA 9035CP under the heading "Employer Labor Condition Statements" and agree to all four (4) labor condition statements summarized below:

(1) **Wages:** Pay nonimmigrants at least the local prevailing wage or the employer's actual wage, whichever is higher, and pay for non-productive time. Offer nonimmigrants benefits on the same basis as offered to U.S. workers.
(2) **Working Conditions:** Provide working conditions for nonimmigrants which will not adversely affect the working conditions of workers similarly employed.
(3) **Strike, Lockout, or Work Stoppage:** There is no strike, lockout, or work stoppage in the named occupation at the place of employment.
(4) **Notice:** Notice to union or to workers has been or will be provided in the named occupation at the place of employment. A copy of this form will be provided to each nonimmigrant worker employed pursuant to the application.

| 1. <u>I have read and agree to</u> Labor Condition Statements 1, 2, 3, and 4 above and as fully explained in Section H of the Labor Condition Application – General Instructions – Form ETA 9035CP. * | ☑ Yes   ☐ No |
|---|---|

---

| ETA Form 9035/9035E | FOR DEPARTMENT OF LABOR USE ONLY | | | | Page 3 of 5 |
|---|---|---|---|---|---|
| Case Number:  I-200-10242-048323 | Case Status:  CERTIFIED | Period of Employment:  09/30/2010 | to | 09/29/2013 | |

OMB Approval: 1205-0310
Expiration Date 01/31/2012

### Labor Condition Application for Nonimmigrant Workers
### ETA Form 9035 & 9035E
### U.S. Department of Labor



## I. Additional Employer Labor Condition Statements – H-1B Employers ONLY

*Important Note:* In order for your H-1B application to be processed, you **MUST** read Section I – Subsection 1 of the Labor Condition Application – General Instructions Form ETA 9035CP under the heading "Additional Employer Labor Condition Statements" and answer the questions below.

### a. Subsection 1

| 1. Is the employer H-1B dependent? § | ☐ Yes | ☑ No | |
|---|---|---|---|
| 2. Is the employer a willful violator? § | ☐ Yes | ☑ No | |
| 3. If "Yes" is marked in questions I.1 and/or I.2, you must answer "Yes" or "No" regarding whether the employer will use this application ONLY to support H-1B petitions or extensions of status for exempt H-1B nonimmigrants? § | ☐ Yes | ☐ No | ☑ N/A |

If you marked "Yes" to questions I.1 and/or I.2 and "No" to question I.3, you **MUST** read Section I – Subsection 2 of the Labor Condition Application – General Instructions Form ETA 9035CP under the heading "Additional Employer Labor Condition Statements" and indicate your agreement to all three (3) additional statements summarized below.

### b. Subsection 2

A. **Displacement:** Non-displacement of the U.S. workers in the employer's workforce
B. **Secondary Displacement:** Non-displacement of U.S. workers in another employer's workforce; and
C. **Recruitment and Hiring:** Recruitment of U.S. workers and hiring of U.S. workers applicant(s) who are equally or better qualified than the H-1B nonimmigrant(s).

| 4. **I have read and agree** to Additional Employer Labor Condition Statements A, B, and C above and as fully explained in Section I – Subsections 1 and 2 of the Labor Condition Application – General Instructions Form ETA 9035CP. § | ☑ Yes | ☐ No |
|---|---|---|

## J. Public Disclosure Information

*Important Note:* You **must** select from the options listed in this Section.

| 1. Public disclosure information will be kept at: * | ☑ Employer's principal place of business ☐ Place of employment |
|---|---|

## K. Declaration of Employer

*By signing this form, I, on behalf of the employer, attest that the information and labor condition statements provided are true and accurate; that I have read sections H and I of the Labor Condition Application – General Instructions Form ETA 9035CP, and that I agree to comply with the Labor Condition Statements as set forth in the Labor Condition Application – General Instructions Form ETA 9035CP and with the Department of Labor regulations (20 CFR part 655, Subparts H and I). I agree to make this application, supporting documentation, and other records available to officials of the Department of Labor upon request during any investigation under the Immigration and Nationality Act. Making fraudulent representations on this Form can lead to civil or criminal action under 18 U.S.C. 1001, 18 U.S.C. 1546, or other provisions of law.*

| 1. Last (family) name of hiring or designated official * | 2. First (given) name of hiring or designated official * | 3. Middle initial * |
|---|---|---|
| LABRIE | DASHA | N/A |

| 4. Hiring or designated official title * | |
|---|---|
| CREDENTIALS SUPERVISOR | |

| 5. Signature * | 6. Date signed * |
|---|---|
| | |

OMB Approval: 1205-0310
Expiration Date: 01/31/2012

**Labor Condition Application for Nonimmigrant Workers
ETA Form 9035 & 9035E
U.S. Department of Labor**



## L. LCA Preparer

**Important Note:** Complete this section if the preparer of this LCA is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1. Last (family) name § | 2. First (given) name § | 3. Middle initial § |
|---|---|---|
| GAN | NING | N/A |

| 4. Firm/Business name § |
|---|
| LAW OFFICE OF NING GAN |

| 5. E-Mail address §   INFO@GANNING.COM |
|---|

## M. U.S. Government Agency Use (ONLY)

By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from _____ 09/30/2010 _____ to _____ 09/28/2013 _____.

*William L. Carlson*

Department of Labor, Office of Foreign Labor Certification

09/03/2010

Determination Date (date signed)

I-200-10242-048323

Case number

CERTIFIED

Case Status

*The Department of Labor is not the guarantor of the accuracy, truthfulness, or adequacy of a certified LCA.*

## N. Signature Notification and Complaints

The signatures and dates signed on this form will not be filled out when electronically submitting to the Department of Labor for processing, but MUST be complete when submitting non-electronically. If the application is submitted electronically, any resulting certification MUST be signed *immediately upon receipt* from the Department of Labor before it can be submitted to USCIS for further processing.

Complaints alleging misrepresentation of material facts in the LCA and/or failure to comply with the terms of the LCA may be filed using the WH-4 Form with any office of the Wage and Hour Division, Employment Standards Administration, U.S. Department of Labor. A listing of the Wage and Hour Division offices can be obtained at http://www.dol.gov/esa. Complaints alleging failure to offer employment to an equally or better qualified U.S. worker, or an employer's misrepresentation regarding such offer(s) of employment, may be filed with the U.S. Department of Justice, Office of the Special Counsel for Immigration-Related Unfair Employment Practices, 950 Pennsylvania Avenue, NW, Washington, DC, 20530. Please note that complaints should be filed with the Office of Special Counsel at the Department of Justice only if the violation is by an employer who is H-1B dependent or a willful violator as defined in 20 CFR 655.710(b) and 655.734(a)(1)(ii).

## O. OMB Paperwork Reduction Act (1205-0310)

These reporting instructions have been approved under the Paperwork Reduction Act of 1995. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Obligations to reply are mandatory (Immigration and Nationality Act, Section 212(n) and (t) and 214(c)). Public reporting burden for this collection of information, which is to assist with program management and to meet Congressional and statutory requirements is estimated to average 1 hour per response, including the time to review instructions, search existing data sources, gather and maintain the data needed, and complete and review the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Room C-4312, 200 Constitution Ave. NW, Washington, DC 20210. (Paperwork Reduction Project OMB 1205-0310.) Do NOT send the completed application to this address.

September 6, 2010

U.S. Citizenship and Immigration Service
California Service Center
24000 Avila Road, Rm. 2312
Laguna Niguel, CA 92677

**Re: Our H-1B Extension Petition on Behalf of Ms. Evelyn Fernandez Francisco**

Dear Sir / Madam:

Please consider this letter in support of our petition to extend Ms. Francisco's H1B status.

The Oakland Unified School District is a local education agency and operates under the guidance and oversight of the Alameda County Office of Education.   It is self-governing, with its own elected Governing Board. The District servers the entire geographical and political area of the City of Oakland, encompassing over 80 school sites, 52,000 students and 5,000 employees.   The programs of instruction include Early Childhood Development, Kindergarten through 12th Grade (K-12) and Adult Education.

We propose to continue Ms. Francisco's employment as a Teacher at an annual salary of no less than $63,381.   In this position, Ms. Francisco will continue to teach high school students mathematics. Her duties and responsibilities include the following:

- Meet and instruct assigned classes in designated locations and times;
- Plan a program of study that meets individual needs, interests and abilities of students as much as possible;
- Create a classroom environment that is conducive to learning and appropriate to the maturity and interests of the students;
- Prepare for assigned classes and show written evidence of preparation upon request of immediate superior;
- Encourage students to set and maintain standards of classroom behavior;
- Guide the learning process toward the achievement of curriculum goals and establish clear objectives for all lessons, units, projects, and the like to communicate these objectives to students;
- Implement the district's philosophy and instructional goals and objectives through instruction and action;
- Assess students' accomplishments on a regular basis and provide progress reports as required;

- Assist the administration in implementing all policies and rules governing student life and conduct and develop reasonable rules of classroom behavior and procedure to maintain order in the classroom in a fair and just manner.

The Oakland United School District requests that the petition be approved for a period of three (3) years.   However, this letter is provided solely in support of this H-1B petition and neither constitutes an employment contract, nor alters in any way, the terms of Ms. Francisco's employment agreement, the School District's polices or its collective bargaining agreement.

The proposed duties listed above clearly outline the complex nature of the position. Success in performing the above duties is dependent upon the educational and experiential background of the employee involved in teaching activities.   We require that the candidate should have at least a Bachelor's degree and valid California credentials and other appropriate certification as determined for the subject matter and/or grade level assigned. Such an educational background always has been required by our district for the subject position and is normal to the industry.   As stated in the Occupational Outlook Handbook, *"Public school teachers must have at least a bachelor's degree".*   Since a Bachelor's Degree normally is required for entry into the occupation, this position is qualified for H-1B1 "specialty occupation".

We believe that Ms. Francisco is well qualified for this position with our District.   She holds a Bachelor's degree in Mathematics from the Ateneo De Manila University in the Philippines. Ms. Francisco completed additional studies in Mathematics from the same university.   Her education is equivalent to a U.S. Bachelor of Science in Mathematics and twenty-four semester units of undergraduate coursework, and sixty semester units of graduate coursework awarded by regionally accredited colleges and universities in the United States as evidenced by the attached independent education evaluation.   Further more, Ms. Francisco has a valid teaching credential authorizing her to teach in the State of California.   Currently, Ms. Francisco is working with us in her valid H1B status.

We have complied with the requirements as outlined by IMMACT 90 and the attestations listed on the attached copy of our certified Labor Condition Application (LCA).   We believe that Ms. Francisco is the ideal candidate for this position given her educational background and experience.   We hope your favorable consideration to our petition is rapidly forthcoming.   Please advise if further information or documentation is necessary.

Sincerely,

**OAKLAND UNIFIED SCHOOL DISTRICT**

Dasha LaBrie
Credentials Supervisor

# EXHIBIT B

## David Weintraub

**To:** Marion McWilliams; Jackie Minor

**Cc:** Dusty Collier; Rebecca Hayes

**Subject:** Evelyn Francisco Notice of ExParte Hearing

**Contacts:** Marion McWilliams

9/27/10

Marion and Jackie

This is to follow up on the phone message I just left (9:50 am Monday 9/27/10) on Marion's phone message machine . I am going to appear tomorrow at 11 am in Department 31 of the Alameda County Superior Court to try to obtain exparte relief . We are seeking to obtain a Stay and Writ directing the district to sign off on Ms. Francisco's H-1B renewal application.

David Weintraub
Beeson, Tayer and Bodine
1404 Franklin St., 5th Floor
Oakland, California  94612
www.beesontayer.com
510-625-9700 Ext.314
510-625-8275 (fax)
DWeintraub@beesontayer.com

©COPY

1   DAVID WEINTRAUB, SBN 73841
    DUSTY L. COLLIER, SBN 264766
2   BEESON, TAYER & BODINE, APC
    1404 Franklin Street, 5th Floor
3   Oakland, CA 94612-3208
    Telephone:    (510) 625-9700
4   Facsimile:    (510) 625-8275
    Email:    DWeintraub@beesontayer.com
5             DCollier@beesontayer.com

6   Attorneys for Petitioner
7   EVELYN FRANCISCO

ENDORSED
FILED
ALAMEDA COUNTY

SEP 9 7 2010

CLERK OF THE SUPERIOR COURT
By
ERICA BAKER

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                IN AND FOR THE COUNTY OF ALAMEDA
10
                                              RG10538648
11  EVELYN FRANCISCO,                  Case No.

12                      Petitioner,    DECLARATION OF DAVID WEINTRAUB
                                       IN SUPPORT OF PETITION FOR WRIT
13            v.                       OF MANDATE AND STAY ORDER

14                                     Hearing Date: 9/28/10
    OAKLAND UNIFIED SCHOOL DISTRICT,   Hearing Time: 11:0pm
15                                     Courtroom: 31
                        Respondent.    Judge:
16                                     Complaint Filed:
                                       Trial Date:
17

18        I, DAVID WEINTRAUB, have personal knowledge of and, if called as a witness, would

19  competently testify to the following:

20        1.    I am an attorney licensed to practice law in the State of California. I represent

21  Petitioner EVELYN FRANCISCO in the instant matter

22        2.    I have been representing teachers in Oakland for many years through my capacity as

23  an attorney working with the California Teachers Association (hereafter the "CTA"), a union of

24  California teachers. I currently represent a group of teachers recruited by the Oakland Unified

25  School District (hereafter the "District") from foreign countries to come to the United States to teach

26  in the District's schools. Each was required to obtain some type of visa status, including H-1B visas,

27  to enter and remain here.

28
                                                                                    1
    DECLARATION OF DAVID WEINTRAUB IN SUPPORT OF PETITION FOR WRIT        161344.doc
    OF MANDATE AND STAY ORDER
    Case No.

1    3.    Many of these teachers, including the Petitioner herein, acquired permanent status

2    (i.e. "tenure") pursuant to Education Code section 44929.21, which provides that every employee of a

3    school district reemployed after their second consecutive school year shall be classified as a

4    permanent employee of the district.

5    3.    Now my clients' H-1B statuses are expiring and the District is refusing to sign off on

6    their applications for renewal. As a result, these teachers are forced to voluntarily depart from the

7    United States or face deportation proceedings. These teachers are in effect being terminated by the

8    school districts, in violation of the Education Code.

9    4.    The Education Code provides two exclusive procedures that may be utilized by the

10   District to terminate the employment of a permanent employee. First, the District may issue a layoff

11   notice pursuant to Education Code §§ 44949 & 44955, which must be done no later than May 15th of

12   the current academic year. Second, the District may initiate termination "for cause" proceedings by

13   issuing a Statement of Charges and Notice of Intent to Dismiss pursuant to Education Code §§ 44932

14   *et seq.* Regardless of which procedure is employed, the District must provide certain due process

15   protections to the permanent employee, including providing her with prior notice, a hearing before a

16   neutral decision-maker upon request, and the right to be represented by counsel at that hearing.

17   (Education Code §§ 44949, 44955, & 44932 *et seq.*)

18   5.    The District is using my clients' immigration status as grounds for termination, thus

19   discriminating against my clients on the basis of their national origins and statuses as

20   immigrants/aliens. These teachers are being treated differently than all other employees who are

21   permanent certificate employees of the Oakland Unified School District in that all other employees

22   other than immigrants are entitled to the Education Code's due process provisions that apply in

23   termination proceedings for teachers. (Education Code §§ 44949, 44955, & 44932 *et seq.*) .

24   6.    I have addressed this issue with counsel for the Oakland Unified School District. In

25   the case of Nuria Martinez they agreed to sign off on her H-1B application after negotiating on these

26   very points. I was assured the same thing would happen with our current client, Evelyn Francisco,

27   whose H-1B visa expires on September 30, 2010.

28

2

DECLARATION OF DAVID WEINTRAUB IN SUPPORT OF PETITION FOR WRIT
OF MANDATE AND STAY ORDER
Case No.

161344.doc

1    7.    On September 22, 2010, I called Marion McWilliams, chief legal counsel for the

2    District, to inquire about the status of Ms. Francisco's H-1B visa renewal application. Ms.

3    McWilliams left me a message in response informing me that the District would not sign off on Ms.

4    Francisco's application because the District would no longer represent to immigration authority on

5    Ms. Francisco's application that there was an area of need for Ms. Francisco's area of teaching.

6    8.    I left a message for Ms. McWilliams in response informing her that the District did not

7    need to make such a representation to the immigration authorities in order to sign off on Ms.

8    Francisco's H-1B visa renewal application.

9    9.    Ms. McWilliams responded by leaving me a message that the District had determined

10   that it was their new policy that they would no longer retain teachers who were immigrants in

11   teaching areas they did not have need for.

12   10.    I have notified the District through its legal counsel of my intent to go to Alameda

13   County Superior Court on Monday, September 27, 2010, if the court allows, or on Tuesday,

14   September 28, 2010, at the appropriate time for ex parte matters, if the court does not allow us

15   shortened notice. (Exhibit A). I followed up with notice by email of our intent to appear on

16   September 28, 2010 at 11am for exparte relief (Exhibit B) I will provide all moving papers to their

17   counsel, Ms. McWilliams as soon as they are completed.

18   I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th

19   day of September, 2010, at Oakland, California.

20

21

22

23

24

25   DAVID WEINTRAUB

26

27

28

3

a COPY

DAVID WEINTRAUB, SBN 73841
DUSTY L. COLLIER, SBN 264766
**BEESON, TAYER & BODINE, APC**
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone: (510) 625-9700
Facsimile:     (510) 625-8275
Email:         DWeintraub@beesontayer.com
               DCollier@beesontayer.com

Attorneys for Petitioner
EVELYN FRANCISCO

ENDORSED
FILED
ALAMEDA COUNTY

SEP 0 7 2010

CLERK OF THE SUPERIOR COURT
By
ERICA BARBER

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| EVELYN FRANCISCO,<br><br>                               Petitioner,<br><br>               v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>                               Respondent. | Case No. RG10538648<br>**PETITIONER'S EX PARTE APPLICATION FOR STAY OF RESPONDENT'S REFUSAL TO SPONSOR PETITIONER'S VISA APPLICATION**<br><br>Hearing Date: 9/28/10<br>Hearing Time:<br>Courtroom:<br>Judge:<br>Complaint Filed:<br>Trial Date: |

Petitioner EVELYN FRANCISCO hereby applies to this Court for an Order temporarily staying the Respondent's refusal to sign off on Petitioner's application for renewal of her H-1B visa and compelling the Respondent to execute the same, pending a hearing on Petitioner's Verified Petition for a Writ of Mandate filed concurrently herewith.

Filed with this Application is an endorsed copy of the related Verified Petition for a Writ of Mandate filed in this matter. Also filed with this application is (1) the Declaration of David Weintraub, counsel for Petitioner, regarding notice to Respondent's counsel of this Ex Parte Application, as well as Petitioner's Ex Parte Motion for Issuance of an Alternative Writ; (2) Petitioner's Memorandum of Points and Authorities in Support of the Application for Stay; and (3) a proposed Stay Order.

1

**PETITIONER'S EX PARTE APPLICATION FOR STAY OF RESPONDENT'S
REFUSAL TO SPONSOR PETITIONER'S VISA APPLICATION**
Case No.

1

2  Dated: September 27, 2010                    BEESON, TAYER & BODINE, APC

3

4                                              By:

5                                                  DUSTY L. COLLIER
                                                   DAVID WEINTRAUB
6                                                  Attorneys for Petitioner

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                              2

PETITIONER'S EX PARTE APPLICATION FOR STAY OF RESPONDENT'S
REFUSAL TO SPONSOR PETITIONER'S VISA APPLICATION
Case No.

COPY

1   DAVID WEINTRAUB, SBN 73841
    DUSTY L. COLLIER, SBN 264766
2   BEESON, TAYER & BODINE, APC
    Beeson, Tayer & Bodine
3   1404 Franklin Street, 5th Floor
    Oakland, CA 94612-3208
4   Telephone: (510) 625-9700
    Facsimile:   (510) 625-8275
5   Email:    DWeintraub@beestontayer.com
            DCollier@beestontayer.com
6

7   Attorneys for Petitioner
    EVELYN FRANCISCO
8

9          SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          IN AND FOR THE COUNTY OF ALAMEDA

11

| 12 | EVELYN FRANCISCO, | Case No. |
| | Petitioner, | |
| 13 | | [PROPOSED] ORDER GRANTING STAY |
| | v. | OF RESPONDENT'S REFUSAL TO |
| 14 | | SPONSOR H-1B VISA APPLICATION |
| | OAKLAND UNIFIED SCHOOL DISTRICT, | |
| 15 | | Hearing Date: 9/28/10 |
| | Respondent. | Hearing Time: 11am |
| 16 | | Courtroom: D-31 |
| | | Judge: |
| 17 | | Complaint Filed: |
| | | Trial Date: |
| 18 | | |

19        This cause came on regularly for hearing on, at a.m. in Department 31 of the above-named

20   Court, located at 1225 Fallon St., Oakland, California 94612, the Honorable Judge Frank Roesch

21   presiding, sitting without a jury. Petitioner EVELYN FRANCISCO appeared by her attorneys, Dusty

22   L. Collier and David N. Weintraub, and Respondent OAKLAND UNIFIED SCHOOL DISTRICT

23   appeared by their attorney, _____. Petitioner, having moved this court for an order

24   granting a stay of the Respondent's refusal to sponsor Petitioner's H-1B Visa application, and the

25   Court having weighed the evidence and pleadings on file, and finding good cause therefore:

26         **IT IS ORDERED, ADJUDGED, AND DECREED as follows:**

27      1.  That a stay is granted and Respondent is ordered to:

28           (a) complete and execute all necessary documents to retain Petitioner's employment
             unless termination procedures are provided pursuant to the Education Code,

1

1   including completing all documents necessary to renew Petitioner's H-1B Visa
    Application and return it to Petitioner forthwith, but in no event shall it be returned
2   later than Tuesday, September 28th, 2010.

3   2.  For an award of attorney's fees pursuant to any provision of law, including Government
        Code § 800 and Code Civ. Proc. §1021.5;

4   3.  For costs of suit incurred herein; and

5   4.  For such other relief as the Court may deem proper.

6   **IT IS SO ORDERED:**

7

8
    Dated:
9

10                                          By: _____
11                                               JUDGE OF THE SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                    2
    _____
    **[PROPOSED] ORDER GRANTING STAY OF RESPONDENT'S REFUSAL**        161337.doc
    **TO SPONSOR H-1B VISA APPLICATION**
    Case No.

ⓒCOPY

DAVID WEINTRAUB, SBN 73841
DUSTY L. COLLIER, SBN 264766
**BEESON, TAYER & BODINE, APC**
1404 Franklin Street, 5th Floor
Oakland, CA 94612-3208
Telephone:     (510) 625-9700
Facsimile:     (510) 625-8275
Email:          DWeintraub@beesontayer.com
                DCollier@beesontayer.com

Attorneys for Petitioner
EVELYN FRANCISCO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

|  |  |
|---|---|
| EVELYN FRANCISCO, | Case No. *10***10538648** |
| Petitioner, | **[PROPOSED] ORDER GRANTING WRIT OF MANDATE** |
| v. | Hearing Date: 9/28/10 |
|  | Hearing Time: 10AM |
| OAKLAND UNIFIED SCHOOL DISTRICT, | Courtroom: 031 |
|  | Judge: |
| Respondent. | Complaint Filed: |
|  | Trial Date: |

This cause came on regularly for hearing on _____, 2010, at _____.m. in

Department 31 of the above-named Court, located at 1225 Fallon St., Oakland, California 94612, the

Honorable Judge Frank Roesch, presiding, sitting without a jury. Petitioner EVELYN FRANCISCO

appeared by her attorneys, Dusty L. Collier and David N. Weintraub, and Respondent OAKLAND

UNIFIED SCHOOL DISTRICT appeared by their attorney, _____. Petitioner,

having moved this court for a Writ of Mandate of the Respondent's refusal to sponsor Petitioner's H-

1B Visa application, and the Court having weighed the evidence, and finding good cause therefore:

**IT IS ORDERED, ADJUDGED, AND DECREED as follows:**

    1.  That a Writ shall issue commanding the Respondent to:

          (a)  complete and execute all necessary documents to retain Petitioner's employment
          unless termination procedures are provided pursuant to the Education Code, including
          executing all documents necessary to renew Petitioner's H-1B Visa Application and

1

return it to Petitioner forthwith, but in no event shall it be returned later than Tuesday, September 28th, 2010.

2. Reasonable attorney fees are awarded Petitioner's attorneys in the amount of _____

3. Costs of suit incurred herein are awarded to Petitioner .

4. A Return on the Writ shall be filed and served demonstrating compliance by Respondent with this Order within 30 days of this Order.


**IT IS SO ORDERED:**


Dated: _____


By: _____
     JUDGE OF THE SUPERIOR COURT

2

[PROPOSED] ORDER GRANTING WRIT OF MANDATE                          161342.doc
Case No.

1  DAVID WEINTRAUB, SBN 73841
   DUSTY L. COLLIER, SBN 264766
2  **BEESON, TAYER & BODINE, APC**
   1404 Franklin Street, 5th Floor
3  Oakland, CA 94612-3208
   Telephone:    (510) 625-9700
4  Facsimile:    (510) 625-8275
   Email:        DWeintraub@beesontayer.com
5                DCollier@beesontayer.com

6
   Attorneys for Petitioner
7  EVELYN FRANCISCO

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                **IN AND FOR THE COUNTY OF ALAMEDA**
10

11

12 | EVELYN FRANCISCO, | Case No. RG10538648 |
   | | |
13 | Petitioner, | ASSIGNED FOR ALL PURPOSES TO |
   | | JUDGE Frank Roesch |
14 | v. | DEPARTMENT 31 |
   | | |
15 | | **PROOF OF SERVICE OF MULTIPLE** |
   | OAKLAND UNIFIED SCHOOL DISTRICT, | **DOCUMENTS** |
16 | | |
   | Respondent. | |
17 | | |

18

19

20

21

22

23

24

25

26

27

28

                                                                    1

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

3

4

5

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is Beeson, Tayer & Bodine, 1404 Franklin Street, 5th Floor, Oakland, California, 94612-3208. On this day, I served the foregoing Document(s):

6

7

8

9

10

11

12

13

1. **SUMMONS;**
2. **VERIFIED PETITION FOR ALTERNATIVE WRIT OF MANDATE, PROHIBITION, OR OTHER EXTRAORDINARY RELIEF AND APPLICATION FOR STAY;**
3. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WRIT OF MANDATE and EX PARTE APPLICATION FOR STAY RE PETITIONER'S VISA RENEWAL;**
4. **DECLARATION OF EVELYN FRANCISCO IN SUPPORT OF PETITION FOR WRIT OF MANDATE AND STAY ORDER;**
5. **DECLARATION OF DAVID WEINTRAUB IN SUPPORT OF PETITION FOR WRIT OF MANDATE AND STAY ORDER;**
6. **PETITIONER'S EX PARTE APPLICATION FOR STAY OF RESPONDENT'S REFUSAL TO SPONSOR PETITIONER'S VISA APPLICATION;**
7. **[PROPOSED] ORDER GRANTING STAY OF RESPONDENT'S REFUSAL TO SPONSOR H-1B VISA APPLICATION; and**
8. **[PROPOSED] ORDER GRANTING WRIT OF MANDATE**

14

15

16

17

☒ **By Mail** to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

18

☐ **By Facsimile Transmission** to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

19

20

21

22

| Marion McWilliams<br>Deputy General Counsel<br>Oakland Unified School District<br>Office of General Counsel<br>1025 Second Avenue, Room 406<br>Oakland, CA 94606 | Fax No.: (510) 879-1833<br>Email: Marion.McWilliams@ousd.k12.ca.us |
|---|---|

23

24

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California, on this date, October 19, 2010.

25

26

27

Marlene Dunleavy
Marlene T. Dunleavy

28

---

**PROOF OF SERVICE OF MULTIPLE DOCUMENTS**
Case No. RG10538648

161525.doc

1   DAVID WEINTRAUB, SBN 73841
    DUSTY L. COLLIER, SBN 264766
2   **BEESON, TAYER & BODINE, APC**
    1404 Franklin Street, 5th Floor
3   Oakland, CA 94612-3208
    Telephone:    (510) 625-9700
4   Facsimile:    (510) 625-8275
    Email:        DWeintraub@beesontayer.com
5                 DCollier@beesontayer.com

6   Attorneys for Petitioner
7   EVELYN FRANCISCO

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF ALAMEDA**

10

11

12   EVELYN FRANCISCO,                          Case No. RG10538648

13                        Petitioner,           ASSIGNED FOR ALL PURPOSES TO
                                                JUDGE Frank Roesch
14            v.                                DEPARTMENT 31

15                                              **PROOF OF SERVICE OF NOTICE OF
                                                CASE MANAGEMENT CONFERENCE**
     OAKLAND UNIFIED SCHOOL DISTRICT,
16                                              **AND ORDER and NOTICE OF
                          Respondent.          ASSIGNMENT OF JUDGE FOR ALL**
17                                              **PURPOSES**

18

19

20

21

22

23

24

25

26

27

28
                                                                                1

     **PROOF OF SERVICE OF NOTICE OF CASE MANAGEMENT CONFERENCE AND**              164455.doc
     **ORDER and NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**
     Case No. RG10538648

1

## PROOF OF SERVICE

2

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

3

4

5

I declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is Beeson, Tayer & Bodine, 1404 Franklin Street, 5th Floor, Oakland, California, 94612-3208. On this day, I served the foregoing Document(s):

6

7

### NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER and NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES

8

9

10

11

☒ **By Mail** to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(a), by placing a true copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

12

☐ **By Facsimile Transmission** to the parties in said action, as addressed below, in accordance with Code of Civil Procedure §1013(e).

13

14

15

16

17

| | |
|---|---|
| Marion McWilliams<br>Deputy General Counsel<br>Oakland Unified School District<br>Office of General Counsel<br>1025 Second Avenue, Room 406<br>Oakland, CA 94606 | Fax No.: (510) 879-1833<br>Email: Marion.McWilliams@ousd.k12.ca.us |

18

19

20

I declare under penalty of perjury that the foregoing is true and correct. Executed in Oakland, California, on this date, October 19, 2010.

21

22

23

24

25

*Marlene Dunleavy*
Marlene T. Dunleavy

26

27

28

PROOF OF SERVICE OF NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER and NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES
Case No. RG10538648

164455.doc

Beeson, Tayer & Bodine
Attn: Weintraub, David
1404 Franklin St., 5th Fl.
Oakland, CA  94612-3208

RECEIVED

OCT 1 9 2010

Beeson, Tayer & Bodine

## Superior Court of California, County of Alameda

| | |
|---|---|
| Francisco | No. RG10538648 |
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT** |
| | **CONFERENCE AND ORDER** |
| Oakland Unified School District | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 12/13/2010 | Department: 31 | Judge:  **Frank Roesch** |
|---|---|---|
| Time: 01:30 PM | Location: **U.S. Post Office Building** | Clerk:  **Vicki Daybell** |
| | **Second Floor** | Clerk telephone:  **(510) 268-5105** |
| | **201 13th Street, Oakland  CA 94612** | E-mail: |
| | | **Dept.31@alameda.courts.ca.gov** |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax:  **(510) 268-4835** |

### ORDERS

1.  You must:
    a.  **Serve all named defendants and file proofs of service** on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)*

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov.**  No fee is charged for this service.  For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb.**

† Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/18/2010.

By _____
Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG10538648
Case Title:    Francisco VS Oakland Unified School District
Date of Filing: 09/27/2010

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **Frank Roesch** |
| **Department:** | **31** |
| **Address:** | **U.S. Post Office Building** |
| | **201 13th Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 268-5105** |
| **Fax Number:** | **(510) 268-4835** |
| **Email Address:** | **Dept.31@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Frank Roesch
DEPARTMENT 31

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1) All CEQA litigants must strictly compy with all statutory procedural requirements.
(2) Courtesy copies of filings will not be received unless specifically requested by the court.

## Schedule for Department 31

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Department 31 relating to scheduling may be made by e-mail to the Department with copies to all other counsel.

- Case Management Conferences are held: Monday through Thursday at 1:30 p.m.
- Law and Motion matters are heard: Monday through Thursday at 9:00 a.m.
- Settlement Conferences are heard: Monday through Friday at 1:45 p.m.
- Ex Parte matters are heard: Monday through Thursday at 11:00 a.m. The Court and the opposing party must have at least 24 hours notice of the request.
- The Court will issue a tentative ruling by 5:00 p.m. two court days prior to a hearing on any motion. It will be posted on the court's website and orally posted at (510) 208-3939.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations

    Reservations for law and motion may be made by telephone to (510) 268-5100 or (510) 268-5103 or by email to Dept.31@alameda.courts.ca.gov.

- Ex Parte Matters

    Phone:(510)268-5100 or(510)268-5103 or by email to Dept.31@alameda.courts.ca.gov

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings

will become the Court's order unless contested in accordance with the Local Rules.
Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 31
- Phone: 1-866-223-2244

Dated: 10/15/2010        *Von L Relytion* facsimile

Presiding Judge,
Superior Court of California, County of Alameda

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 10/18/2010

By        *Charlotte Marin* digital

Deputy Clerk