# UNITED STATES DISTRICT COURT

## Northern District of California

| | |
|---|---|
| EVELYN FRANCISCO,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT,<br><br>　　　　　　Respondent.<br>_____/ | No. C 10-4992 MEJ<br><br>**ORDER RE PETITION FOR ALTERNATIVE WRIT OF MANDATE [Dkt. #1]** |

## I. INTRODUCTION

Pending before the Court is Petitioner Evelyn Francisco's Petition for Writ of Mandate. Dkt. No. 1, Ex. A. Pursuant to Civil Local Rule 7-1(b) and the parties' stipulated request, (Dkt. No. 14), the Court finds that the Petition is appropriate for determination without oral argument. Because the Court finds that it lacks jurisdiction over this matter, the Court REMANDS this case to the County of Alameda Superior Court.

## II. BACKGROUND

Petitioner Evelyn Francisco is a native of the Philippines. Francisco Decl. ¶ 2, Not. of Removal, Ex. C, Dkt. No. 1. She is currently employed by Defendant Oakland Unified School District ("District") under an "H-1B" Visa. Joint Stipulation to Pertinent Facts ("Joint Stip.") ¶ 1, Dkt. No. 13. An H-1B visa is an employment-based nonimmigrant visa that allows skilled aliens in certain "specialty occupations" to work in the United States for a limited time, under specified conditions. 8 U.S.C. § 1184. The District hired Francisco in October of 2001 to be a Geometry and AP Statistics teacher. Francisco Decl. ¶ 2. At the time, there was a specialized need for math teachers because the District had difficulty filling its vacant teaching positions with employees who had permanent authorizations to work in the United States. Gee Decl. ¶ 3, Dkt. No. 16-1.

Francisco initially moved to California in October of 2001 under a J-1 visa[1] and began working for the District on January 17, 2002. Francisco Decl. ¶¶ 2, 3. When Francisco was initially employed by the District, she was classified as a "probationary" employee under the California Education Code.[2] Probationary employees are serving in temporarily funded positions or are on leave from the District. *Id.* §§ 44918, 44909. After serving two complete consecutive school years in a position, a probationary employee automatically becomes "permanent" unless she is non-reelected on or before March 15 of her second probationary year. *Id.* § 44929.21(b). Francisco obtained permanent status with the District as set forth by the Education Code. Joint Stip. ¶ 2.

When Francisco's J-1 Visa was due to expire after three years, she applied for and obtained an H-1B Visa in 2004, which was valid for three years. Francisco Decl. ¶¶ 4, 5. The District sponsored the H-1B visa on her behalf. Joint. Stip. ¶ 5. Francisco subsequently applied for and received an extension of her H-1B visa in 2007 with the support of the District. Francisco Decl. ¶ 5; Joint Stip. ¶ 5. In 2010, Francisco again attempted to renew her H-1B status; this time, however, the District did not agree to sponsor her visa. Francisco Decl. ¶ 9; Joint Stip. ¶ 9. The District maintains that it chose not to sponsor Francisco under a renewed H-1B visa because her performance as a teacher is not satisfactory. Joint Stip. ¶ 9.

On September 27, 2010, Francisco petitioned the Alameda County Superior Court, seeking a writ of mandate for a stay of the District's declination to sponsor her H-1B Visa application. Petition, Not. of Removal, Ex. A at 7-8, Dkt. No. 1. On November 4, 2010, the District removed the case to this Court based on original jurisdiction under 28 U.S.C. § 1331, arguing that resolving Francisco's claim will require the Court to interpret federal immigration statutes and regulations

---

[1] A J-1 Visa is provided to individuals "for educational and cultural exchange programs designated by the Department of State, Bureau of Consular Affairs. . . . The 'J' exchange visitor program is designed to promote the interchange of persons, knowledge, and skills in the fields of education, arts, and sciences." *Popa v. Holder*, 571 F.3d 890, 892 fn.1 (9th Cir. 2009) (citation omitted).

[2] Under the California Education Code, teachers' employment may be classified as substitute, temporary, probationary, or permanent. Cal. Educ. Code §§ 44918, 44929.21, 44915.

promulgated by those statutes.

## III. DISCUSSION

The issue before the Court is whether the District has a duty to execute Francisco's H-1B Visa renewal application, thereby permitting Francisco to retain her employment and remain in this country. In her petition, Francisco argues that she "relied on the promises of the [D]istrict to continue her employment and grant her all the rights that other similarly situated employees enjoy if she performed satisfactorily." Mot. at 1. Francisco contends that she performed satisfactorily, thereby requiring the District to execute the H-1B Visa renewal application. *Id.* at 1-2. In support of her argument, Francisco cites to the California Education Code, arguing that the District has failed to follow the procedures therein for termination of a teacher, and has circumvented its duties under the Code by not signing off on her application. *Id.* at 7. Petitioner recognizes "that no specific statutory provision, regulation, or published judicial or administrative opinion specifically and expressly requires the District to sign off on [her] Visa renewal application." *Id.* Instead, she argues that the District has "implied duties to be found in the penumbras of these other sources of law that are equally binding on said officials." *Id.*

In response, the District argues that Francisco fails to cite any authority that creates a ministerial duty for the District to sponsor temporary immigration visas. Opp'n at 1. Although Francisco contends that the District failed to comply with its obligations under the Education Code, the District argues that federal immigration law governs this action and vests employers with discretion in determining whether to sponsor a temporary nonimmigrant worker's employment. *Id.* Thus, to the extent that the Education Code dictates different conditions under which immigrants may be employed in the United States, the District argues that it is preempted by federal law. *Id.*

Prior to consideration of the parties' arguments, the Court finds it appropriate to determine whether subject matter jurisdiction exists. Jurisdiction must be established before a court may proceed to the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). Federal courts are presumed to lack jurisdiction unless the record affirmatively indicates the opposite. *Renne v. Geary*, 501 U.S. 312, 316 (1991). Here, the District removed this case because it

involves its sponsorship of the H-1B visa. However, the existence of the H-1B visa is not enough to create a federal question. Although the document is a federal document that was created by a federal law, the "well-pleaded complaint" rule requires a federal question to be presented on the face of a complaint at the time of removal for federal-question jurisdiction to exist. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996). "It is standard learning that federal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.*, 351 F3d 294, 298 (7th Cir. 2003) (internal quotations omitted).

Petitioner's case centers on the California Education Code. Specifically, Petitioner seeks a writ of mandate under the California Code of Civil Procedure compelling the District to sign off on her H-1B visa application, arguing that her status as a permanent employees entitles her to a number of due process protections under the Education Code, including prior notice, opportunity to request a hearing before a neutral decision-maker, and the ability to be represented by counsel at the hearing. *See* Cal. Educ. Code § 44944. Petitioner argues that, in its decision to not sign her H-1B application, the District failed to comply with these provisions. The District argues that it has discretion whether or not to sponsor renewal of Petitioner's H-1B Visa; however, Petitioner's case focuses on portions of the Education Code and the District's mandate therein – whether the Education Code requires the District to sign the H-1B application. Petitioner is not asking the District to approve or deny her application. Thus, the Court finds that this question does not depend on the resolution of federal law. Accordingly, as the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction, the Court finds that the District has failed to meet its burden. *Prize Frize, Inc. v. Matrix (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).

Further, even if the Court were to find that Petitioner's claims can not be resolved without resolution of federal law, no cause of action for a violation of the law governing H-1B visas exists unless administrative remedies have been exhausted. *Ndiaye v. CVS Pharmacy 6081*, 547 F. Supp.

2d 807, 812 (S.D. Ohio 2008); *Alves v. Masters Entertainment Group, LLC*, 2008 WL 4452145, *4 (N.D. Ind. 2008). Here, there is no indication that Petitioner has sought to utilize any such administrative remedies; in fact, it does not appear that her H-1B visa application has been approved or denied. The United States Citizenship and Immigration Services is statutorily authorized to regulate non-immigrant admission and decisions regarding maintenance of that status. 8 U.S.C. § 1184. As no such decision has been made here, there is nothing that is properly before the Court.

## IV. CONCLUSION

For the reasons set forth above, the Court REMANDS this case to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: June 13, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge